RYAN ET AL. *v.* CURRAN· ET AL.

NEGLIGENCE.—*Erection of Building by Contractor.*—*Excavation in Sidewalk of City.*—*Injury of Passer-By.*—*Owner not Liable for Contractor's Negli-*

Ryan *et al.* *v.* Curran *et al.*

gence.—*Nuisance per se.*—*Case Overruled.*—*Copy.*- *Exhibit.*— *Pleading.*—
In an action against the owner of a certain lot, fronting upon a sidewalk
of a public street, in a city, and one who had contracted with him to erect
a building thereon, to recover damages for a physical injury received by
the plaintiff through the alleged negligence of the defendants in
leaving ·open an excavation made by them in the ground thereto-
fore covered by the sidewalk, wherein the complaint alleged that the
excavation was made in the course of the erection of such building,
and that the defendants had negligently covered a part of the excavation
in such manner as to constitute a continuation of the sidewalk, but had
left open the other part, into which the plaintiff, without fault, had fallen,
while passing along such sidewalk in the night-time, the owner
answered admitting the injury received by the plaintiff, but alleging that
such lot.and its appurtenances, at the time of the injury, were in the ex-
clusive possession of the contractor, a skilful, reliable and competent
builder, pursuant to a written contract between them for the erection of'
such building, and that. at that time, neither the. owner, nor any agent,
servant or person in his employ or under his control, had any charge,
management or control of the premises, and that the acts charged as the
cause of the injury were not the acts of either the owner, his agents,
servants or employees.

*Held,* on demurrer, that the answer is sufficient. *Silvers* v. *Nerdlinger,* 30
Ind. 53, overruled in part.

*Held,* also, that a copy of such contract, attached to the answer as an ex-
hibit, forms no part thereof.

*Held,* also, that, unless the work contracted·for is a nuisance *per se,* the
owner is not liable for the negligence of the contractor.

From the Marion Superior Court.

*D. Turpie* and *H. D. Pierce,* for appellants.

*J. W. Gordon, R. N. Lamb, S. M. Shepard, A. G. Por-
ter, W. P. Fishback* and *G. T. Porter,* for appellees.

HOWK, C. J.—This was an action by the appellee Barbara
Curran, as plaintiff, against the appellants, James B. Ryan,
Elijah Victor and Stephen Knowlton, and her co-appellees,
Deloss Root, Jerome B. Root, Frederick Nolke, Frank
Smallwood and Frank Windesheimer, as defendants, in the
court below.

In her complaint the appellee Barbara Curran alleged,
in substance, that on or about the 1st day of September,
1874, the appellant James B. Ryan was the owner, and in

Ryan *et al. v.* Curran *et al.*

the possession and control, of a lot of ground and its appurtenances at the north-west corner of Tennessee street and Indiana avenue, in the city of Indianapolis, in Marion county, Indiana, and was building and erecting a block of houses thereon fronting on and along both said street and avenue, and was about finishing and completing the said block; that, in the excavation for the cellar of said block, on said avenue, and for the entrance-to said cellar and for other purposes, the appellants had digged down and excavated said Indiana avenue and the north sidewalk thereof, to the depth of, to wit, fifteen feet, on the outside of the cellar wall of said block, fronting said avenue, and had erected another wall in said sidewalk, at a distance of, to wit, five feet from, and parallel to, said cellar wall, and had then and there, by means of iron grating or bars, covered up a part of the space between the wall of said block and the said wall south thereof, at a level with said sidewalk, and so as to constitute a part of the same; that after having thus covered up a part of the space and excavation between the said walls, the defendants carelessly, negligently, wrongfully and unjustly left the rest of said space and excavation, between the said walls open, and failed and neglected to place any railing or guards around such open space, but carelessly and negligently left the same open and unguarded in said sidewalk and on a level therewith, so as to leave a very deep, abrupt and dangerous chasm in said sidewalk, to the great danger of the lives and limbs of all the good citizens of said city and State walking and going on and over said Indiana avenue and said sidewalk, on the north side thereof; that, on the day and year aforesaid, in the night-time of said day, the appellee Barbara Curran was walking upon and along said sidewalk of said avenue, and upon said iron bars which then and there constituted a part of said sidewalk, when, owing to the aforesaid negligence, carelessness

and wrongful omission and acts of the defendants, she was precipitated, without fault or negligence on her part, from said iron railing or bars placed as aforesaid by said defendants, into the said excavation and space between the said walls, and fell from the level of said sidewalk to the depth of said excavation, falling and striking on the bottom thereof with great force and violence, by means whereof she was greatly injured, and was sick and sore for a long time, and suffered greatly, etc., and paid out, to wit, five hundred dollars for medical and surgical treatment, and suffered damages in the sum of five thousand dollars, for which she prayed judgment, and for other proper relief.

To this complaint the appellant James B. Ryan separately answered in two paragraphs, the first being a general denial, and the second setting up affirmative matter.

To the second paragraph of said answer, the appellee Barbara Curran demurred, upon the ground that it did not state facts sufficient to constitute a defence to her action, which demurrer was sustained by the court, and to this decision the appellant Ryan excepted.

The appellants Victor and Knowlton jointly answered in two paragraphs: first, a general denial; and, second, a special defence. To the second paragraph of this answer, the appellee Barbara Curran replied by a general denial.

The defendants Deloss and Jerome B. Root jointly answered the complaint by a general denial thereof.

The appellants Nolke, Smallwood and Windesheimer jointly answered by a general denial of the complaint.

The issues joined were tried by a jury in the court below at special term, and a verdict was returned for the appellee Barbara Curran, assessing her damages at four thousand dollars against the appellants Ryan, Victor and Knowlton, and finding for the other defendants, Deloss Root, Jerome B. Root, Nolke, Smallwood and Windesheimer.

The appellant Ryan separately, and the appellants Victor and Knowlton jointly, moved the court at special term for a new trial of this cause, which motions were severally overruled, and to these rulings they respectively excepted. The court at special term rendered judgment on the verdict, from which judgment the appellants appealed to the court below in general term. In this latter court, the judgment of the special term was affirmed, and from this judgment of affirmance this appeal is now here prosecuted.

In this court the appellants have assigned, as error, the judgment of the court below in general term, affirming the judgment of said court at special term. This alleged error brings before this court the questions which fairly arise under the errors assigned by the appellants in the court below in general term, which errors were as follows:

1. The decision of the court at special term, in sustaining the demurrer of the appellee Barbara Curran to the second paragraph of the separate answer of the appellant James B. Ryan; and,

2. The decision of said court at special term, in overruling the motion of the appellant Ryan for a new trial.

The appellant James B. Ryan, in the second paragraph of his separate answer, alleged, in substance, that he admitted he was the owner of the lot of ground described in the complaint, and the fact that the appellee Barbara Curran was injured by falling into the cellar of the building then being erected thereon; but the appellant Ryan averred that the appellants Victor and Knowlton, skilful, reliable and competent builders, were engaged in the erection of a brick building on said lot, having been contracted with by the appellant Ryan; that the said builders and contractors were to have, and did have and exercise, exclusive control and direction of the digging of the cellar, the erection of the walls therein and around the same, together with the passage-ways into the same, and the erection of the entire

building, to its completion; and the appellant Ryan averred that neither he, nor any agent, servant or person in his employ or under his direction or control, had any charge or management or control thereof; and that the acts, deeds, matters and things, alleged to have been the cause of the injury and damage of the appellee Barbara Curran, were in no respect the acts of the appellant Ryan, nor of his servants or agents, nor of any person in his employ; and that said work was done under a special contract in writing with the appellants Victor and Knowlton, which said contract was filed with said paragraph of answer, marked "exhibit A."

The first question presented for our consideration and decision, by the record of this cause and the error assigned thereon, may be thus stated:

Were the facts alleged in the second paragraph of the separate answer of the appellant James B. Ryan sufficient to constitute a complete defence, in his behalf, to the action of the appellee Barbara Curran?

It seems very clear to us, that this question must be answered in the affirmative. We are aware that this conclusion is apparently in conflict with the opinion of this court in the case of *Silvers* v. *Nerdlinger*, 30 Ind. 53. In that case it appears from the opinion of the court, that Nerdlinger and another owned a lot in the city of Fort Wayne, on which lot the appellant Silvers had contracted with the appellees to erect for them a building, and to that end they had delivered to him the exclusive possession of said lot. During the erection and before the completion of the building, one Charles Dwelly, in passing over the sidewalk in front of said building,—in which sidewalk an excavation had been made for the construction of the walls and cellar-ways of the building, and had been left in an unguarded condition,—had fallen into the pit, and had been injured thereby. In an action for that purpose, Dwelly had recovered dam-

ages for the injuries he sustained, from the appellees, the owners of the lot, which damages they had paid. The appellees, the owners of the lot, then brought an action against the appellant, the contractor for the building, to recover from him the damages they had paid Dwelly, and they obtained judgment therefor in the circuit court. From this judgment Silvers, the contractor for the building, appealed to this court, and this is the case reported in 30 Ind. 53, *supra.*

It will be seen, from this statement of the case cited, that the point in judgment in that case was the right of the owners of the lot to recover from the contractor the damages, which they had been compelled to pay by reason or on account of the alleged negligence of the contractor. This is not, but is widely different from, the question presented for decision by the second paragraph of the separate answer of the appellant Ryan, in the case at bar. The question here presented is, whether or not the appellant Ryan, as the owner of the lot, under the facts stated in the second paragraph of his answer, was liable in damages to the appellee Barbara Curran, for the injuries received by her in the manner stated in her complaint. The liability of the owner of the lot to the party injured, in such a case, was not the question before the court in the case of *Silvers* v. *Nerdlinger, supra;* but ELLIOTT, J., devoted much of his opinion, in the decision of that case, to the consideration of that question. The opinions of that learned judge on any legal question are entitled to very high respect; but his opinion in the case cited, upon the question now under consideration, which was not involved in that case, can not be regarded as an authority decisive of that question.

The contract in writing between the appellant Ryan and his co-appellants, Victor and Knowlton, which was filed with the second paragraph of Ryan's separate answer, was

not the foundation of the defence stated in said paragraph. Therefore the written contract, which can only be regarded as evidence tending to sustain the averments of the paragraph, did not become a part of the paragraph by being filed therewith, and can not be considered in determining the sufficiency of the facts stated therein to constitute a defence to the action. *The Excelsior Draining Co.* v. *Brown,* 38 Ind. 384; *Trueblood* v. *Hollingsworth,* 48 Ind. 537; *Wilson* v. *Vance,* 55 Ind. 584; and *Schori* v. *Stephens,* 62 Ind. 441.

Before considering the sufficiency of the facts alleged in the second paragraph of Ryan's answer, we may properly premise that it is evident from the averments of the complaint, that the appellee Barbara Curran did not ground her alleged cause of action against Ryan solely upon the fact of his ownership of the lot described in her complaint. The gist of her cause of action, as stated and reiterated in her complaint, was the alleged negligence of Ryan and his codefendants, in covering the area or cellar-way in part, so as apparently to invite travel thereon, and in leaving the residue of the area or cellar-way uncovered and unguarded. It can not be questioned, as it seems to us, that the party, whoever he may have been, who left that area or cellar-way in the condition described in the complaint, in a public thoroughfare of a large city, was guilty of gross negligence and was liable in damages under the averments of the complaint, for the injuries sustained by Barbara Curran. But the question for decision under the allegations of the second paragraph of Ryan's answer, admitted to be true by the demurrer thereto, is this: Can it be said, if the facts alleged are true, that the appellee Barbara Curran received the injuries complained of, by or through the negligence of the appellant James B. Ryan.

If it be true, as alleged in Ryan's answer, that the appellants Victor and Knowlton had and exercised exclusive

control and direction of the digging of the cellar, the erection of the walls therein and around the same, together with the passage-ways into the same, and the erection of the entire building to its completion, can it be correctly said that the appellee Barbara Curran received the injuries complained of, by or through the negligence of Ryan ? If it be true, as alleged in Ryan's answer, that neither Ryan, nor any agent, servant or person in his employ or under his direction or control, had any charge or management or control of the digging of the cellar, the erection of the walls therein and around the same, or of the passage-ways into the cellar, or of the erection of the building to its completion, can it be correctly said that the alleged injuries of Barbara Curran were received by her, by or through Ryan's negligence? If it be true, as alleged in Ryan's answer, that the acts, deeds, matters and things alleged by Barbara Curran, in her complaint, to have been the cause of her injury and damage, were in no respect the acts of Ryan, nor of his servants or agents, nor of any person in his employ, can it be said, with any degree of truth or accuracy, that the alleged injuries of Barbara Curran were caused by or resulted from the negligence of Ryan ?

It seems very clear to us that each and all of these questions must be answered in the negative. The truth is, and it can not be gainsaid, that the averments of the second paragraph of Ryan's answer constitute a full and complete defence to every fact alleged in the complaint, except the facts of Barbara Curran's injury and Ryan's ownership of the lot and building. It need hardly be said that these excepted facts alone would not give Barbara Curran any cause of action against the appellant Ryan. The gravamen of the complaint in this case was the alleged negligence of the defendants, but the facts alleged in the second paragraph of Ryan's answer show very clearly, we

think, that the negligence complained of was not Ryan's negligence.

It was alleged, as we have seen, in the second paragraph of Ryan's answer, that the appellants Victor and Knowlton, "skilful, reliable and competent builders," had and exercised exclusive control and direction, under a special contract in writing with the appellant Ryan, over the digging of the cellar, the erection of the walls therein and around the same, together with the passage-ways into the same, and the erection of the entire building to its completion. In such a case it is very clear we think, that the appellants Victor and Knowlton can not be regarded, in any proper sense, as the agents or servants of Ryan, except as to the specific results which they undertook or contracted to produce; and the law is now well settled, that the employer of a builder or contractor, in such a case, is not responsible to third persons for the negligence of the builder or contractor, or for the negligence of the latter's servants, agents or sub-contractors, in the execution of the work. Ryan's contract with Victor & Knowlton, for the erection of his block of buildings, was a lawful contract, for a lawful purpose. The work contracted for was not a nuisance *per se;* and the doctrine is now firmly established, that, unless the work is in itself a nuisance, the owner of the real estate, who has contracted with " skilful, reliable and competent builders," will not be liable to third persons for injuries which result from the negligence of the builders or contractors, or of their servants, agents or sub-contractors, in the execution of the work. *Hilliard* v. *Richardson,* 3 Gray, 349 ; *Linton* v. *Smith,* 8 Gray, 147; *Brackett* v. *Lubke,* 4 Allen, 138; *Barry* v. *City of St. Louis,* 17 Mo. 121 ; *Blake* v. *Ferris,* 5 N. Y. 48; *Pack* v. *The Mayor, etc.,* 8 N. Y. 222; *Kelly* v. *The Mayor, etc.,* 11 N. Y. 432 ; *Painter* v. *The Mayor, etc.,* 46 Pa. State, 213; *Allen* v. *Willard,* 57 Pa. State, 374; *De Forrest*

v. *Wright*, 2 Mich. 368 ; *Scammon* v. *City of Chicago*, 25 Ill. 424 ; *Pfau* v. *Williamson*, 63 Ill. 16 ; Shearm. & Redf. Negligence, sec. 79 ; and Wharton Negligence, sec. 818.

The general proposition to be deduced from the authorities cited is, " that one person is not liable for the acts or negligence of another, unless the relation of master and servant exists between them ; and when an injury is done by a party exercising an independent employment, the person employing him is not liable."

We are clearly of the opinion, that the matters pleaded by the appellant James B. Ryan, in the second paragraph of his separate answer, were sufficient to constitute a defence to the cause of action stated by the appellee Barbara Curran, in her complaint ; and therefore we hold, that the court at special term, erred in sustaining said appellee's demurrer to said second paragraph of answer.

The conclusion we have reached, in regard to the sufficiency of the second paragraph of the separate answer of Ryan, renders it unnecessary for us, so far as he is concerned, to consider the second error assigned by him in the court below, in general term. In this court the appellants Victor and Knowlton appear to have joined with the appellant Ryan in the assignment of errors ; but they failed to assign any errors in the court below in general term, and therefore their assignment of errors here presents no question for decision in their behalf. *Wesley* v. *Milford*, 41 Ind. 413, and *The State, ex rel., etc.,* v. *The Terre Haute, etc., R. R. Co., ante,* p. 297.

In so far as the decision of this cause is in conflict with the case of *Silvers* v. *Nerdlinger, supra,* the latter case is overruled.

The judgment is affirmed as to the appellants Victor and Knowlton ; but as to the appellant James B. Ryan the judgment is reversed, at the costs of the appellees,

and the cause is remanded with instructions to overrule the demurrer to the second paragraph of Ryan's answer, and for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.