Village of Lemont v. Rood.

## Village of Lemont
### v.
### Miller A. Rood et al.

1. Excavation in street—Negligence.—Where a city makes an excavation or ditch in a street and suffers it to remain at night without light or barrier, and a person in the exercise of ordinary care is injured through the neglect of such reasonable precaution on the part of the city, an action will lie for such injury.

2. Instructions.—Where in such an action, instead of submitting in an instruction to the jury in clear and intelligible language the question whether deceased was in the exercise of ordinary care the following words

were used: "While in the exercise of care proportionate to the known danger (if such danger there was and if it was known to the deceased) to protect himself from injury." *Held*, erroneous.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed January 27, 1886.

This was an action of case under the statute, brought by the administrators of Joseph E. Rood, deceased, the appellees, against the village of Lemont, appellant, to recover for the pecuniary loss to the widow and next of kin of deceased, resulting from his death, which was occasioned, as it is alleged, by the negligence of the village, in causing an excavation to be made in one of its streets, and suffering the same to remain at night without any signal lights or sufficient barriers. It appeared on the trial, that a little prior to October 24, 1884, the village was engaged in making an improvement, by laying a water main in said street, and had excavated a ditch about two feet wide and five feet deep longitudinally therein and left the same without signal lights or sufficient barrier; that the streets were not lighted; that deceased being a physician residing there, had a call between one and two o'clock of the morning of that day to go six miles in the country, to attend a woman in confinement; that he was in bed asleep when called; that preparing himself, he saddled his horse, mounted and started; that it was very dark and there was no witness to the disaster which befell him; but after daylight he was found lying in the bottom of said ditch with his horse on top of him. The doctor was dead when found, and his position and the circumstances clearly indicated the manner and cause of his death. The evidence upon the question whether or not he was in the exercise of ordinary care, was wholly circumstantial. The plaintiffs gave evidence tending to show that he was a man of uniform sobriety, and was prudent in his general habits. The defendant gave evidence tending to show that he was familiar with the streets and ways of said village, and that he had knowledge of the existence of said ditch, and also the appear-

ance, when he was found, of the tracks of the horse in the dirt beside the ditch, which, it was claimed, showed that the horse did not proceed directly into it.

The court below, on behalf of plaintiffs, gave to the jury the following instructions:

" If the jury believe from the evidence, that on October 24, 1884, Lawrence or Canal street, in the village of Lemont, was a public highway, and that there was in said street and within the limits of said village, a ditch dug, or caused to be dug by the authorities of that village, or with their knowledge and consent, and that said authorities permitted said ditch to remain at night unguarded and unprotected, and without lights or other means sufficient to warn reasonably prudent persons traveling on said street, of the existence of said ditch, as alleged in the declaration filed in this case; and if the jury further believe from the evidence, that in the early morning, at about two or three o'clock, and before daybreak on said day, Joseph B. Rood, when traveling on said street on horseback, while said ditch was so unguarded and unprotected, if such was the fact, and while in the exercise of care proportionate to the known danger, (if such danger there was, and if it was known to the deceased,) to protect himself from injury, was by reason of said ditch so being left unguarded and unprotected, if such was the fact, thrown into said ditch and under the horse upon which he was riding, and killed, as alleged in said declaration, and that said Joseph B. Rood left a widow and next of kin surviving him, who have sustained a pecuniary loss or injury by reason of his death, as alleged in the declaration filed in this case, then the jury will find the defendant guilty, and assess the plaintiffs' damages at such sum, if any, as the jury shall believe from the evidence that said widow and next of kin have sustained by reason of the death of said deceased, having reference only to the pecuniary injury or loss, if any, sustained by such widow and next of kin, not exceeding five thousand dollars, in any event.

" The jury are instructed that it was the duty of the defendant to use reasonable diligence to keep the street in question in a reasonably safe condition; and if the jury believe from the

evidence, that the defendant failed to perform such duty, and that by reason of its negligence in that regard, if such there was, the said street was permitted to remain out of repair and in a dangerous condition, and with the knowledge of the village authorities, (all as alleged in the declaration filed in this case,) by reason whereof said Joseph B. Rood, while exercising care on his part, proportionate to the known danger, (if such danger there was, and if it was known to the deceased,) was killed, as averred in the declaration, then the defendant is liable in this action. And the court further instructs the jury, that if they find from the evidence that said J. B. Rood was himself guilty of some negligence, contributing to the injury in question, but the defendant was guilty of gross negligence, contributing to such death, and that J. B. Rood's negligence, if such there was, was slight as compared with the negligence of the defendant, if such there was, still plaintiff may be entitled to recover.

" The jury are instructed that if they believe from the evidence that no one witnessed the accident which caused Dr. Rood's death, whereby it might be shown whether he exercised care proportionate to the known danger, (if such danger there was, and if it was known to the deceased,) at the time of the accident and prior thereto, then they may take into consideration, as bearing upon that question, his habits in life for caution, prudence and sobriety, so far as shown by the evidence."

The jury found the defendant guilty and assessed plaintiffs' damages at five thousand dollars, and defendant prosecutes this appeal.

Mr. A. B. Jenks and Mr. W. H. S. Kelly, for appellant.

Mr. Thomas S. McClelland, for appellees.

McAllister, J. It is not claimed in this case that the village of Lemont was not authorized by law to make the improvement, in the course of which the excavation or ditch in question became necessary. Nor is it claimed that the corpo-

ration did not owe to the public the duty of keeping its streets in a reasonably safe condition for travel both by day and by night. But although the corporation had the legal authority to make the ditch or excavation for such purpose, yet the law required it, while pursuing the work, to use reasonable precautions for the security of the public, such as barriers, lights or otherwise. And it is well-settled law that for a breach of such duty, where a person in the exercise of ordinary care is injured through the neglect of such reasonable precautions, an action will lie for such injury. Storrs v. The City of Utica, 17 N. Y. 104; Brooks v. Inhabitants of Somerville, 106 Mass. 271; Morton v. Frankfort, 55 Maine, 46; Silvers v. Neidlinger, 30 Ind. 53.

Two things must concur to support this action: an excavation or ditch in the street, suffered to remain at night without light or barriers, through the fault of the defendant, and no want of ordinary care on the part of the deceased to avoid falling into it. Butterfield v. Forester, 11 East, 60; Smith v. Smith, 2 Pick. 621. That is the settled law in this State. C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 521, where the court says: "To maintain an action for negligence, there must be fault on the part of the defendant, and no want of ordinary care on the part of the plaintiff."

Instead of submitting to the jury, in clear and intelligible language, the question whether the deceased was in the exercise of ordinary care on the occasion of the injury, each of the three instructions given to the jury on behalf of the plaintiffs, uses only the following words: "While in the exercise of care proportionate to the known danger (if such danger there was, and if it was known to the deceased), to protect himself from injury."

Whether or not the deceased was, at the time of the disaster to him, in the exercise of ordinary care to avoid it, was a vital question in the case, and its determination by the jury depended entirely upon circumstantial evidence.

It is plain, therefore, that it was necessary to a proper conclusion by the jury upon that question that the instructions of the court in respect to it should have not only stated the law

correctly but have been so clear and unambiguous as to have no substantial tendency to mislead. Those for plaintiff, to which we have referred, wholly omitted to state the rule of ordinary care on the part of deceased, but substituted another and different rule, not equivalent to that of ordinary care, and in terms so ambiguous as to be likely to confuse and mislead. But they admit of the construction that deceased was subject to no duty as to care and prudence beyond what danger was actually known to him. Whether that meant danger which was *formerly* or *then* known to him is left in doubt. So that if the jury should find that he formerly knew of the ditch, or even the danger, but at the time he, for any cause, then failed to remember it, so that he did not *know* of the danger at the time, he was then subject to no rule as to care on his part.

A person may have had a general knowledge of a source of danger previously to an injury from *it*, and such knowledge will not necessarily prevent a recovery, if under the circumstances he might still, in the exercise of ordinary care or prudence, be unaware of his proximity to it, as by having his attention distracted from it by some sufficient cause. 2 Thomp. on Neg. 1204; Nicks v. The Town of Marshall, 30 Wis. 139; Pollard v. Woburn, 104 Mass. 84; George v. City of Haver-hill, 110 Mass. 506; Bassett v. Fish, 75 N. Y. 303; Weed v. Village of Ballston Spa, 76 N. Y. 330.

We are of opinion that the instructions were erroneous in the particular stated, for which error the judgment must be reversed and the cause remanded.

Judgment reversed.