## SESSENGUT, ADMINISTRATRIX, *v.* POSEY.

NEGLIGENCE.—*Fall of Wall of Burned House, during Contract to Rebuild.*— Where the owner of a house which has been burned leaves the walls thereof standing in an unsafe and tottering condition, he is guilty of negligence, and is liable to an adjoining proprietor for damages resulting from the fall of such walls upon the buildings of the latter ; and it is no defence to allege that the injury occurred while his premises were in the sole charge of a skilful contractor, under a contract to rebuild the house.

SAME.—*Copy attached to Pleading.*—A copy of the contract to rebuild forms no part of an answer alleging such facts.

SAME.—*Erroneous Ruling on Demurrer not Cured by Instruction.—Supreme Court.*—Where the evidence given on the trial of a cause is not in the record, the Supreme Court can not determine that the overruling of a demurrer to an insufficient answer was cured by an instruction to the jury, declaring, in effect, that the facts alleged in such answer constituted no defence to the action.

SAME.—*Bill of Exceptions.—Evidence.—Testimony.—Record.*—A statement in a bill of exceptions which purports to contain the evidence, that " this was

all the testimony given in the cause," is not equivalent to the statement that " this was all the evidence," etc.; and, therefore, if it appears that there was both parol and written evidence, it is not in the record.

From the Vanderburgh Circuit Court.

*B. Hynes* and *A. Gilchrist*, for appellant.

*C. Denby, D. B. Kumler, J. S. Buchanan, H. C. Gooding* and *C. Buchanan,* for appellee.

NIBLACK, J.—This appeal is from a judgment rendered in an action in which John G. Sessengut was the plaintiff and Louisa J. E. Posey was the defendant.

The complaint was in a single paragraph, charging that on or about the 1st day of October, 1874, the defendant's building, consisting of brick walls, and situated in the city of Evansville, was burned, leaving the north wall in an unsafe, insecure and tottering condition, and liable to fall over at any time, and that said north wall was negligently permitted to remain in such condition until the 22d day of November, 1874, when it fell over onto the plaintiff's adjoining building, doing great injury to the latter building, and to other property contained within it.

The defendant answered :—

1st.   In general denial ;

2d.   Setting up the prompt and careful making of a contract for the repair of the burned building ;

3d.   Averring that the wall complained of was blown down by a storm, of great and unusual violence, without any fault of the defendant.

Demurrers were interposed, but overruled, to the second and third paragraphs of the answer.

Issue being joined, a jury trial resulted in a verdict and judgment for the defendant.

The plaintiff having since died, Elizabeth Sessengut, the administratrix of his estate, has appealed, and assigned error upon the overruling of the demurrer to the second paragraph of the answer, and upon the refusal of the

court to grant a new trial, as prayed for by the plaintiff after the return of the verdict against him.

The second paragraph of the answer admitted that the defendant was the owner of a life-estate in the building alleged to have been burned, and the burning of the building, as charged in the complaint; also, that the north wall of her said building had fallen upon and injured the plaintiff's building, but averred that said wall was left in a safe, strong and good condition, and was not injured by the fire, and that the defendant immediately employed one hundred skilful and competent men to remove the rubbish and to repair her building, who at once proceeded carefully and properly with their work.

Said paragraph further averred, "that she, the defendant," is not liable for "the said injuries, for the reason that immediately after the said fire occurred, and one month before the happening of the injuries described in the complaint, she made and entered into a written contract with one Ernst F. Meyer, who was then a competent and reliable builder and contractor, living in Evansville aforesaid, * * * by which contract the said Meyer agreed and stipulated to do all the work, and to furnish all the materials required for the execution of the work according to the drawings, and subject to the conditions set forth in certain specifications for the repair and rebuilding of said store, in consideration that the defendant would pay to him certain sums of money therein agreed on; that said specifications were prepared by a competent and reliable architect; and said contract, and said mode of repairing said building, was a prudent, proper and skilful contract and reasonable in its provisions; and said contract provided for doing said work in the only way it could be done without endangering human life; and, immediately after the execution of said contract, the said Meyer took the sole and exclusive possession of said building, without any

let, control or hindrance on her part, and commenced the execution and performance of said contract; and while said building was so in the sole and exclusive possession of said Meyer, and while he was executing said contract, the defendant then being at her home, in the State of Kentucky, and neither by herself nor any agent exercising any control or direction over the said work, the said wall fell and the said injuries happened. Wherefore she asks judgment for her costs."

Copies of the contract and specifications referred to were filed with this paragraph, but, not constituting the foundation of the defence, they did not thereby become a part of the paragraph. *Wilkinson* v. *The City of Peru*, 61 Ind. 1; *Parsons* v. *Milford, post*, p. 489.

This court has recognized the rule, that one person is not liable for the acts or negligence of another, unless the relation of master and servant exists between them; and, where an injury is done by a party exercising an independent employment, the person employing him is not liable. See *Ryan* v. *Curran*, 64 Ind. 345, and authorities there cited.

But, in this case, the action was not for an injury inflicted by Meyer, the contractor, in the exercise of his independent employment, but for the alleged negligent omission and delay of the defendant in causing the proper repairs to be made to her building. Hence, we think, the facts set up as above, in the second paragraph of the answer, did not make a case falling within the rule recognized by this court.

As applicable to cases analogous to the one in hearing, Shearman & Redfield, in their work on Negligence, at section 15, lay down the rule as follows:

"Since a liability can not be delegated so as to compel a third person to seek redress for the principal's negligence against an agent or other person, it follows that one who

is bound to perform a duty can not relieve himself from liability for its non-performance by any contract which he may make for its performance by another person. Therefore, the fact that he may have used the utmost care in selecting an agent to perform this duty, or that he has entered into a contract with any person by which the latter undertakes to perform the duty, is no excuse to the person upon whom the obligation originally rested, in case of failure of performance. His obligation is to do the thing, not merely to employ another to do it. Thus, a municipal corporation, bound to repair its streets, is not relieved from liability for non-repair by the fact that it has made a contract for such repairs with a responsible and competent person ; and a railroad company can not defend itself against the claims of passengers for injuries, by showing that it has employed the best servants that it could possibly obtain."

The doctrine thus announced by Shearman & Redfield is well sustained by authority, and, in its application to the case before us, constrains us to hold that the plaintiff's demurrer ought to have been sustained to the second paragraph of the answer. Wharton Negligence, sec. 185 ; Shearman & Redfield, *supra*, sec. 502.

The record contains what purports to be a bill of exceptions, by which it is made to appear that the evidence in this case consisted partly of paper writings and partly of oral testimony, accompanied with the statement : "And this was all the testimony given in the cause by either party."

The appellee insists that this statement is not equivalent to a certification that this bill of exceptions contains all the evidence given in the cause, and that, hence, the evidence given upon the trial can not be considered as in the record.

The position thus assumed by the appellee is fully sus-

tained by the recent cases of *The. Gazette Printing Company*
v. *Morss*, 60 Ind. 153, and *McDonald* v. *Elfes*, 61 Ind. 279,
to which, in general terms, we still adhere.  " Testimony "
is clearly a less comprehensive word than " evidence, "
and, as applied to legal proceedings, can not be accepted as
the equivalent of " evidence." In legal contemplation,
therefore, the evidence in this case is not in the record.

At the trial, the court instructed the jury, that " If the
jury find that the walls of the defendant's building were
suffered, by herself or her agents, to stand for more than a
reasonable time in which to take them down or secure
them, the fact that the negligence of the contractor or
architect may have contributed in occasioning the fall of
the walls in question, is no defence to the defendant."

The appellee further insists, that whatever error, if
any., may have been committed in the ruling of the court
upon the demurrer to the second paragraph of the answer,
was cured by this instruction.

We are not prepared to say that an erroneous ruling
upon a pleading may not be cured by an appropriate in-
struction to the jury, where it is made affirmatively to
appear that the cause was fairly tried upon its merits, up-
on an issue properly formed, independently of the erroneous
ruling ; but, as has been seen, the evidence in this case is
not in the record. Consequently we are unable to deter-
mine, in any authentic way, whether or not the cause was
fairly tried upon its merits, or to judge of the applicabil-
ity of the instruction above set out to the evidence.

It may have been, that evidence was improperly admit-
ted, on the part of the appellee, upon the theory upon
which the. second paragraph of the answer was held to be
sufficient as a defence to the action. The reasonable in-
ference is, that, if certain facts are held to be good as a
defence, evidence will be admitted, if offered, tending
to prove those facts.

In view of the conclusions we have reached, we must assume that the appellant's intestate was injured by the decision of the court upon his demurrer to the second paragraph of the answer.

The judgment is reversed, with costs, and the cause is remanded, for further proceedings not inconsistent with this opinion.