The Vincennes Water Supply Company v. White.

No. 14,274.

THE VINCENNES WATER SUPPLY COMPANY v. WHITE.

BILL OF EXCEPTIONS.—*Failure of Judge to Sign Within Time Allowed.*—A bill of exceptions signed by the judge and filed with the clerk is properly a part of the record, notwithstanding the failure of the judge to sign the bill which was presented at the proper time until the time allowed had expired.

MASTER AND SERVANT.—*Injury to Contractor's Employees.*—*Liability of Principal.*—One who lets a contract to another to do a particular work, reserving to himself no control over the manner in which the work shall be performed, except that it shall conform to a particular standard when completed, is not liable for any injury which may occur to others by reason of any negligence of the person to whom the contract is let.

SAME.— *Visible Risk.*—*Assumption of.*—An employee injured by the caving in of a ditch which he is assisting to construct through a soil composed largely of sand and gravel, can not recover for such injury, since the liability of the trench to cave in, and the danger, are alike open to the observation of all parties.

From the Knox Circuit Court.

*F. W. Viehe* and *M. J. Niblack,* for appellant.

*J. S. Pritchett, W. A. Cullop* and *C. B. Kissinger,* for appellee.

COFFEY, J.—This was an action by the appellee against the appellant to recover damages on account of a personal injury.

The complaint alleges, substantially, that the appellant is a corporation, organized under the laws of the State of Indiana; that on the 12th day of July, 1886, the appellant was engaged in constructing, in and for the city of Vincennes, certain waterworks, and in connection therewith was constructing an engine-house and stand-pipe, and digging a ditch from within the inclosure of the engine-house to the stand-pipe, a distance of about one hundred feet; that at said time appellant was laying the foundation of said engine-house by digging excavations for the same to the depth of four feet, and the width of two feet, and filling the same with

brick, stone, and mortar ; that the appellee was engaged as a laborer, in the employment of the appellant, in digging said ditch leading to said stand-pipe, and was digging therein at the place of intersection of said ditch and the foundation aforesaid ; and while so engaged, at the bottom of said ditch, the banks and overhanging earth on either side · thereof, without any fault or negligence on the part of the appellee, caved in, fell upon him and broke his leg ; that the caving in and falling of said banks were caused by the negligence and carelessness of the appellant in this : that the soil in which said ditch was dug was largely composed of dry sand and gravel, after a depth of —— feet below the surface, which fact was known to the appellant ; that the banks of said ditch, when dug to the depth of eight feet, and the length of —— feet, were not self-supporting, because of the kind of soil, and would cave in, or were at any time liable to cave in unless supported by stays, which fact the appellant knew from constant observation, and from many years of experience in digging ditches in such soil, and of which appellee was ignorant, having had no experience in such work prior to said time ; that knowing the depth of said ditch, and the imminent peril of appellee while at work therein, because of the banks thereof being liable to cave in at any time, and knowing the necessity of having proper stays to prevent the same from caving, which could have been provided at but little expense, the appellant carelessly and negligently omitted to provide said stays, or to use any other means of precaution to prevent the banks from falling in, in consequence of which omission the appellee was injured as aforesaid, without any fault on his part.

Upon issues formed the cause was tried by a jury, resulting in a verdict and judgment for the appellee.

The assignment of error calls in question the correctness of the ruling of the circuit court in overruling the motion for a new trial.

The only reasons assigned for a new trial were that the

verdict of the jury was not supported by the evidence, and was contrary to law.

Before considering the questions arising on the assignment of error, it becomes necessary to meet and decide an objection made by the appellee as to the sufficiency of the clerk's certificate to the transcript, and an objection that the bill of exceptions containing the evidence is not properly in the record.

There has been no motion interposed to dismiss this cause on account of the insufficiency of the clerk's certificate. Following the suggestion contained in appellee's brief, we have, however, examined the certificate, and find it a substantial compliance with the statute.

The motion for a new trial was filed and overruled on the 3d day of March, 1887, and sixty days' time were given by the court to file bills of exceptions.

The judge before whom the trial was had inserted the following in the bill of exceptions now before us:

" This bill was tendered to me for approval and signature this 2d day of May, 1887.      O. M. WELBORN, Judge."

The bill, however, was not signed until the 9th day of June, 1887.

It is contended by the appellee that notwithstanding the fact that the bill was subsequently filed in the clerk's office, it is not properly a part of the record. This contention can not be maintained. The statute makes it the duty of the judge to insert in the bill of exceptions the date at which it is presented to him for his signature. When signed it is his duty to file it with the clerk. The date at which the bill is signed is immaterial. The judge can not deprive a party of the benefit of a bill of exceptions by failure to attach his signature until the time given has expired. When a party entitled to a bill of exceptions tenders the proper bill within the time allowed by the court he has done his whole duty, and the duty of signing and filing then remains with the judge.

The judge who signed the bill certified that it contained all the evidence given on the trial of the cause, and there is nothing on the face of the bill, as contended by the appellee, from which the contrary appears. The bill of exceptions containing the evidence, in this cause, is in the record and is perfect on its face.

The evidence, as it comes to us, proves beyond question that the work of constructing the system of water works for the city of Vincennes was performed by Samuel R. Bullock & Co., under a contract with the appellant, and not by the appellant. Samuel R. Bullock & Co. employed E. F. Fuller as chief engineer, one Crawley as assistant engineer, John Hock as foreman of the work, Mr. Taylor as book-keeper and paymaster, and John Fuller as assistant book-keeper and paymaster, and through these men the work was performed and the expenses paid. Through these men, as the employees of Samuel R. Bullock & Co., the appellee was employed at the time he received the injury of which he complains.

It is true that the appellee and some other witnesses testify that they were employed by the appellant, but their own statements, together with the other testimony in the cause, show beyond doubt that such testimony was the statement of a mere conclusion, which can not prevail against the undisputed facts. The appellee was employed by Hock, who was the foreman, employed by Samuel R. Bullock & Co., the contractors with the appellant for the construction of the work, and was not, therefore, an employee of the appellant in such a sense as to constitute the relation of master and servant.

It seems to be settled law that where one person lets a contract to another to do a particular work, reserving to himself no control over the manner in which the work shall be performed, except that it shall conform to a particular standard when completed, he is not liable for any injury which may occur to others by reason of any negligence of the person to

whom the contract is let. *Wabash, etc., R. W. Co.* v. *Farver*, 111 Ind. 195 ; *Ryan* v. *Curren*, 64 Ind. 345, and authorities there cited.

It further appears from the evidence in the cause that the appellee was injured by the caving in of a ditch which he was assisting to construct through a soil composed largely of sand and gravel. The liability of the trench to cave in by reason of the peculiarity of the soil, and the danger attending the work, were open alike to the observation of all the parties. It has been repeatedly held that under such circumstances there can be no recovery. *Atlas Engine Works* v. *Randall*, 100 Ind. 293 ; *Rietman* v. *Stolte*, 120 Ind. 314 ; *Lake Shore, etc., R. W. Co.* v. *McCormick*, 74 Ind. 440 ; *St. Louis, etc., R. W. Co.* v. *Valirius*, 56 Ind. 511 ; *Umback* v. *Lake Shore, etc., R. W. Co.*, 83 Ind. 191 ; *Indianapolis, etc., R. W. Co.* v. *Watson*, 114 Ind. 20 ; *Indiana, etc., R. W. Co.* v. *Dailey*, 110 Ind. 75 ; *Lake Shore, etc., R. W. Co.* v. *Stupak*, 108 Ind. 1.

In our opinion the court erred in overruling the motion for a new trial.

Judgment reversed, with directions to grant a new trial, and for further proceedings not inconsistent with this opinion.

Filed June 7, 1890; petition for a rehearing overruled Sept. 17, 1890.