## J. L. SAPPINGTON, Appellant, v. CITY OF CENTRALIA, Respondent.

### Kansas City Court of Appeals, January 22, 1912.

1. **STREETS: Negligence: Independent Contractor: Adjoining Property.** A. owned property in a city fronting on a street. There was on his property his residence, barn and chicken-house, in which there were horses and chickens. The city had let a contract to a contractor for building a waterworks plant, and in doing so he dug a trench with a machine in the street on a certain afternoon, in which to put water pipes, and left the dirt in a ridge. The weight of the machine broke a culvert in and stopped the drain. That night a heavy rain fell and the water was forced by the ridge of dirt and the broken culvert over A's premises and into his barn and chicken-houses, doing damage to the animals and chickens. He sued the city, and it was *held* that as the contract and plans for the waterworks did not make necessary any damage to adjoining property, if carried out with care, the city was not bound to anticipate negligence in the contractor and was therefore not liable.

2. **DUTY: Distinction Between Streets and Adjoining Property.** The duty of a city to keep its streets free from obstructions and damage to those using them should not be applied to injury to adjoining property holders by independent contractors; since there is a distinct obligation which cannot be put aside in the instance of streets, which does not arise as to adjoining property.

Appeal from Boone Circuit Court.—*Hon. N. D. Thurmond,* Judge.

AFFIRMED.

*H. S. Booth* and *Barclay, Fauntleroy & Cullen* for appellant.

(1 A city has no right to collect water by ditches from the whole neighborhood and discharge it on private porperty. Stewart v. Clinton, 79 Mo. 612; Rychlicki v. City, 98 Mo. 497; Carson v. Springfield, 53 Mo. App. 294; Canonn v. St. Joe, 67 Mo. App. 370. And if it does, it is responsible for the damages caused. Rychlicki v. City, 98 Mo. 497; Payne v. Railroad, 112 Mo. 18; Lewis v. Springfield, 142 Mo. App. 88. For piling stone in gutter and street, and causing surface water to overflow on adjoining property, the municipality must respond in damages. McInery v. City of St. Joe, 45 Mo. App. 296. And if a ditch maintained by a city is blocked by other agency than the city, nevertheless it is responsible for damages caused by the overflow. City v. Surrells, 77 Ill. App. 463.

*E. C. Anderson* and *E. W. Hinton* for respondent.

ELLISON, J.—Plaintiff owned property in the limits of the defendant city, fronting on lakeview avenue. His residence, a barn and some chicken houses were on the property. There was but slight slope to the ground. It was claimed that an amount of water was drained from other streets into Lakeview avenue beyond the capacity of the drains and culverts in the latter to carry off, and in consequence water from rains had been forced over plaintiff's premises, but without substantial damage, until the acts of a contractor in constructing a waterworks plant for the city intervened. This contractor had taken the contract for

the construction of such works, and on the afternoon of the 14th of July, 1910, he used a trench digging machine in cutting a trench in front of plaintiff's premises wherein to put a water pipe. A part of the pipe had been put in, but the dirt was not thrown back in the trench. The weight of the machine for digging the trench broke down a culvert and stopped it up. That night a heavy rain fell, when, by reason of the dirt thrown out for the trench and the crushing of the culvert, water was forced onto plaintiff's premises and into his barn and chicken houses, doing material damage to the animals in the former and the chickens in the latter.

The trial court gave the instructions asked by plaintiff except the addition of some words in one of them on the measure of damages, and these we think were properly inserted. The court, however, at defendant's instance, instructed the jury that the city was not liable for any part of the overflow caused by the acts of the contractor in constructing the waterworks plant; and that action of the court is the question for decision. It is not pretended that the contract with an independent contractor for the construction of the waterworks contemplated an interference with plaintiff's property; nor that the plans for the work were not reasonable, and not such as to make necessary, with the exercise of ordinary care, any damage to plaintiff's property by overflow or otherwise. Neither is it pretended that the city was party to the breaking of the culvert or leaving the ridges of dirt by the contractor on the evening preceding the night's rain, which acts caused the excessive overflow onto plaintiff's premises. In such circumstances the city is not bound to anticipate negligence by the contractor and there is no liability on the city. [McGrath v. St. Louis, 215 Mo. 191; Blumb v. Kansas City, 84 Mo. 112; Uppington v. New York, 165 N. Y. 222.]

It is sought to avoid the force of the foregoing by reason of the duty which the city owes to the travelling public to keep its streets in reasonably safe condition. This is a duty it can neither delegate or avoid. [Welsh v. St. Louis, 73 Mo. 71; Circleville v. Neuding, 41 Oh. St. 465; Village v. Chapman, 127 Ill. 438.] In the first of these cases a contractor left open and unguarded an excavation in a street for a sewer, and a wayfarer fell in. In the second, any independent contractor was building a large cistern in a street for the the city which he left unprotected, and a horse fell in and was killed. In these cases the city was held liable for the reason that it was its duty to keep its streets in such condition as that they will be reasonably safe for travel, and it is not relieved by the fact that others placed the obstruction there. But that rule of law arises from the place—a street—and its use for travel. The same acts on private property would not create a liability, for the danger is less and the corresponding care and duty is not the same. The city is under no duty or obligation to protect adjoining property against the negligence of a contractor when the plan of the work is reasonable and not liable to work injury if properly carried out. [McGrath v. St. Louis, supra.]

The judgment should be affirmed. All concur.