# JULIUS KELLER CONSTRUCTION COMPANY ET AL.
## v. HERKLESS ET AL.

[No. 8,647.  Filed October 7, 1915.]

1. APPEAL.—*Review.*—*Motion to Make Specific.*—*Record.*—No question is presented for review on the overruling of a motion to make the complaint more specific where it can not be determined from the record whether appellant assigning the error, or some other defendant, filed the motion. p. 476.

2. APPEAL.—*Assignment of Errors.*—*Sufficiency of Complaint.*—In actions commenced since the enactment of §§344, 348 Burns 1914, Acts 1911 p. 415, no question is presented on appeal by an assignment of error challenging the sufficiency of the complaint. p. 477.

3. NEGLIGENCE.—*Trial.*—*Instructions.*—In an action by the contractor for the construction of a cement curb and gutter, against the city and a contractor for the construction of a sewer, to recover damages occasioned by alleged negligence in the sewer construction resulting in injuring and impeding the work under construction by plaintiff, an instruction that municipal corporations are within the general rule that the superior or employer must answer civilly for the negligence of an agent or servant in the course of his employment, etc., and that if it was found that a contract was entered into by the city with its codefendant for the construction of a sewer, pursuant to which the sewer was constructed as alleged, and that in such construction the contractor was negligent in any one or more particulars as alleged, both the city and the sewer contractor would be liable to plaintiffs for all damages sustained, if any, which were alleged and were shown by a preponderance of the evidence to have proximately resulted from the acts complained of, was not open to the objection that it made defendants liable for all damages resulting from the work of the

construction company if it were found to have been guilty of negligence in but one alleged particular, and regardless of whether such negligence was a proximate cause of all such damage. p. 477.

4. NEGLIGENCE.—*Injury to Property.—Contributory Negligence.— Instructions.*—An action for injury to a street improvement in course of construction by plaintiff, caused by alleged negligence of defendants in the construction of a sewer along the line of such improvement, involved a property, rather than a personal injury, making it the duty of plaintiff to prove the allegation of his complaint that he was free from contributory negligence; hence an instruction that if defendant contractor was negligent as alleged, it and the defendant city were liable for all damages alleged and shown by a preponderance of the evidence to have proximately resulted from such negligence, was fatally erroneous in ignoring the issue of contributory negligence, in view of evidence tending to show contributory negligence, and the failure of the court to cover the issue in any other instruction. p. 478.

5. MUNICIPAL CORPORATIONS.— *Liability for Negligence of Contractor.—Instructions.*—In an action against a city and a contractor for the construction of a sewer to recover damages to a street improvement being constructed by plaintiff, alleged to have been caused solely by negligence in the work of constructing the sewer, where it appeared that the sewer contract was let by the city and the work done pursuant to §8722 *et seq.* Burns 1914, Acts 1905 p. 219, §117, and that by the terms of the contract the defendant contractor was to furnish all labor and material and assume liability for injuries to person or property, the city reserving to itself merely the right of general supervision with respect to whether the work and material complied with specifications, etc., instructions that a city is liable if it undertakes to construct a sewer and causes the work to be done in a negligent manner, and that cities are within the general rule that an employer must answer civilly for the negligence of an agent or servant, etc., were erroneously given, since the city's codefendant was an independent contractor, rather than the agent or servant of the city. pp. 480, 482, 485, 486, 487.

6. MUNICIPAL CORPORATIONS.—*Incorporation.—Authority to Contract.—Presumptions.*—It will be presumed that a city of this State is incorporated under the general laws of the State for the incorporation of cities, so as to be authorized to provide for the construction of sewers under §8961 Burns 1914, Acts 1905 p. 219, §267. p. 482.

7. MUNICIPAL CORPORATIONS.—*Negligence of Independent Contractor.— Liability.—* A municipal corporation, like other contractees, is not answerable for the acts of an independent contractor, except where the work required to be done is inherently

or intrinsically dangerous, or where the necessary consequence of doing the work as specified is injury to another, or where it is unlawful or involves a trespass, or where the subject-matter of the contract involves a duty, the performance of which may not be delegated by the contractee. p. 484.

8. MUNICIPAL CORPORATIONS.— *Negligence of Independent Contractor.—Liability.—Defective Plans.*—A city is not liable in any case for consequential injury resulting from a public work, unless the plan is defective or the city directs the work to be done in an improper manner and the injury is the necessary consequence, in which event the one performing the work, though an independent contractor, will be regarded as the agent of the city in carrying out the defective plan or in doing the work pursuant to improper directions. p. 484.

9. MUNICIPAL CORPORATIONS.— *Negligence of Independent Contractor.—Liability.—Nondelegable Duties.*—In situations involving certain duties resting primarily and absolutely on the city and the performance of which it may not delegate to another to its own exemption, both the city and an independent contractor may be liable for injuries arising from the acts or omissions of the latter, unless the injury results entirely from some collateral act of the latter of which the city has no notice, either express or implied; the liability of the contractor being predicated on his own negligence, while that of the city is upon the fact that in committing to the contractor a nondelegable duty it makes him to that extent its agent for whose negligence it is liable. p. 485.

10. MUNICIPAL CORPORATIONS.— *Public Improvements.— Injury to Third Persons.—Duty of City.*—The nature of the duty owing from a municipality to third persons, growing out of the construction of a public improvement, varies somewhat with the class to which the third person belongs, as to whether he is an abutting owner, a traveler on a street, or an employe of the contractor. p. 486.

11. MUNICIPAL CORPORATIONS.—*Public Improvements.—Negligence of Contractor.—Liability to Abutters.*—A city owes no duty to an abutter to protect adjoining property against the negligence of a contractor in constructing a public improvement, where the plan is reasonable and not likely to work injury if properly carried out, though it may be liable if, through the negligence of the contractor, a situation perilous to adjoining property arises, and, after receiving or being chargeable with notice, it negligently fails to take steps to avert the threatened danger. p. 487.

From Rush Circuit Court; *Alonzo Blair,* Judge.

Action by Arvel R. Herkless and another against the

Julius Keller Construction Company and another. From a judgment for plaintiffs, the defendants appeal. *Reversed.*

*George W. Young, James V. Young, Leo M. Rappaport, Albrecht R. C. Kipp* and *Howard E. Barrett,* for appellants. *Will M. Sparks* and *A. L. Gary,* for appellees.

CALDWELL, J.—The substance of appellees' complaint is as follows: In 1906, appellant city of Rushville by regular proceedings contracted with appellees to furnish the material and perform the work in the improvement of Arthur Street in said city from Third Street north to the corporation line. The work consisted of grading the roadway and surfacing it with broken stone, and constructing cement gutters and stone curbing along the line of the roadway on each side. The cost of the work was to be assessed against the abutting owners as provided by statute. Appellees after the work had commenced were regularly granted extensions of time, within which to complete it, the extended periods expiring September 1, 1908. On July 1, 1907, appellees were prosecuting the work, and at that time had completed most of the curbing and guttering, and had graded and surfaced a large part of the roadway. On April 23, 1907, appellant city, by regular proceedings, contracted with appellant company for the construction of a sewer system in said city, including a sanitary sewer the entire length of Arthur Street. Commencing about July 1, 1907, appellant company, as a part of the work of constructing the sewer on Arthur Street, made an excavation the entire length of that street north of Third Street, eighteen feet deep and four feet wide, the west edge of which was within four feet of the east edge of the curb and gutter theretofore constructed by appellees, and placed therein a row of eighteen-inch sewer pipe as required by the contract, and thereupon, using loose dirt, filled the excavation not more than half full, and thereafter did nothing further at the work until April, 1908, all of which was done before appellees had completed their

476     APPELLATE COURT OF INDIANA,

Julius Keller Constr. Co. v. Herkless—59 Ind. App. 472.

contract. As a result of the manner in which appellant company did its work, the trench caved, causing extensive portions of the completed curb and gutter and the surfacing stone to fall into the excavation, thereby necessitating the reconstruction of parts of the work. In making the excavations appellant company at certain points destroyed the grade of the subsoil theretofore prepared by appellees for receiving the broken stone, and mixed loose dirt with the stone with which other parts of the grade had been surfaced, thereby necessitating extra work on appellees' part. As a result of the conduct complained of, appellees were required to restore the work so destroyed, to purchase extra stone, employ additional labor, pay demurrage on cars, retain a large road roller for a time otherwise unnecessary at an expensive rental, as a result of all which and other injuries specifically alleged, appellees were damaged $3,000, for which they ask judgment. It is alleged that the acts complained of were done in a careless and negligent manner, and that appellees were not guilty of negligence contributing thereto. The charge against the city is that ''all the officers and agents of said city of Rushville had full knowledge at the time of the occurrence of all said acts and omissions of said defendant construction company when the same occurred and then and there did negligently consent to and acquiesce in the same, and did then and there direct said defendant construction company to do said acts.''

The cause having been placed at issue, a trial resulted in a verdict and judgment against both appellants for $2,251.83, from which both appeal. Appellants jointly and also 1. each separately assign error. Appellant company's first assignment is based on the overruling of its alleged motion to require that the complaint be made more specific. At the time when such a motion was filed, and also when it was ruled on, the stockholders of appellant company also were defendants, the cause having been subsequently dismissed as to them. Respecting said motion, we

MAY TERM, 1915. 477

Julius Keller Constr. Co. *v.* Herkless—59 Ind. App. 472.

are in harmony with appellees in their contention that while it appears from the record that such a motion was filed and overruled, it cannot be determined from the record with any satisfactory degree of certainty that appellant company rather than some other defendant filed such motion. The assignment under consideration therefore presents no question.

Appellant city seeks to challenge the complaint by an independent assignment of error for insufficiency of facts. This action was commenced in November, 1911, and

2. therefore after the amendment of 1911 to the practice act became effective. Such assignment therefore presents no question for our consideration. §§344, 348 Burns 1914, Acts 1911 p. 415; *Combs* v. *Combs* (1914), 56 Ind. App. 656, 105 N. E. 944; *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929.

Each appellant challenges instructions Nos. 9, 11 and 13. Appellant company challenges also No. 10, and appellant city No. 8. Instruction No. 9 is as follows: "I in-

3. struct you that municipal corporations are within the operation of the general rule of law, that the superior or employer must answer civilly for the negligence or want of skill of an agent or servant in the course of their employment, by which another is injured. It is essential, however, to establish such a liability that the act or acts complained of must be within the scope of the corporate powers of such municipality. It was within the scope of the corporate powers of the city of Rushville to contract for the construction of a sewer, and I instruct you that if you find that the defendant, the city of Rushville, did on the —— day of April, 1907, enter into a contract with the Julius Keller Construction Company for the construction of the sewer as referred to in plaintiff's complaint, and that said defendant company, pursuant to said contract, constructed said sewer on and along said Arthur Street, as alleged in plaintiff's complaint, and if you further find that in con-

structing said sewer said defendant company was negligent in any one or more particulars as described in the complaint relative to any one or more of the acts as therein alleged, then not only said defendant company, but also the defendant, the city of Rushville, would be liable to compensate the plaintiffs for all damages sustained by them, if any, which are alleged in the complaint, and are shown by a preponderance of the evidence to have been sustained by them as a proximate result of the act or acts so complained of.'' It is urged against instruction No. 9 that by it the court instructed the jury that appellants must be held liable for all damages resulting from the work of the construction company, if it should be found to have been guilty of negligence in but one of the particulars specified in the complaint and regardless of whether such negligence was a proximate cause of all such damage. We do not believe that the instruction is open to this objection. Fairly construed, it is to the effect that if the construction company was shown to have been negligent in but one of the particulars alleged, appellants were liable for all the damages resulting from such negligence as a proximate cause thereof, alleged in the complaint and established by a preponderance of the evidence; but if there were other acts of negligence proven as alleged resulting proximately in other injuries alleged and shown by a preponderance of the evidence, appellants were liable for these also.

It is urged against instruction No. 9 also that by it the court ignored the issue of contributory negligence formed by the complaint and the answers in general denial filed thereto. The court gave no instruction on the subject of contributory negligence. As this case involves a property, rather than a personal injury, it was incumbent on the plaintiffs, in order that they might be entitled to recover, to prove the allegation of their complaint that they were not guilty of negligence contributing proximately to the injury for which they sought relief. §362

Burns 1914, Acts 1899 p. 58; *Fort Wayne, etc., Traction Co.* v. *Monroeville, etc., Tel. Co.* (1912), 179 Ind. 334, 100 N. E. 69. The substance of instruction No. 9 as related to the matter under consideration, is that if appellant company was negligent as alleged, both appellants were liable to compensate appellees for all damages alleged in the complaint, and shown by a preponderance of the evidence, suffered by them as a proximate result of such negligence. If, under an assumed state of facts, found to be true, a defendant is liable to compensate the plaintiff in damages, then there should be a verdict to that end. The verdict as matter of course should follow certainly such established liability. The effect of the instruction, therefore, is to direct the jury to return a verdict for appellees if the facts or elements hypothetically submitted are found from a consideration of the evidence to be true. *Goldsmith* v. *First Nat. Bank* (1912), 50 Ind. App. 11, 20, 96 N. E. 503. It is alleged in the complaint that appellant company by its negligence destroyed a line of cement gutters that appellees had constructed under their contract. Appellees in support of such allegation introduced evidence tending to establish that by reason of the negligent operations of appellant company several hundred feet of cement gutters along the east line of the roadway were damaged, and that a portion of it was caused to cave into the sewer excavation, and was thereby destroyed, and that as a consequence appellees were compelled to replace the damaged and destroyed gutters, in order that their work might be accepted by the city. Appellants, however, introduced evidence tending to establish that the gutter was defectively constructed; that some portions of it were thicker and some thinner than as specified; that appellees permitted it to freeze while hardening, resulting in portions of it being soft and brittle, and that whatever injury resulted to it grew out of appellees' faulty and negligent construction; that the gutters were removed and replaced by new con-

struction, not by reason of any injury inflicted by appellant company, but because the city authorities had theretofore condemned them and ordered their removal. There was then evidence to the effect that appellees' fault at least contributed proximately to producing a part of the alleged damage for which a recovery was sought. This element was excluded from consideration by instruction No. 9, and the giving of it was therefore error. See the following: *Rhea* v. *Sawyer* (1913), 54 Ind. App. 512, 102 N. E. 52; *Chicago, etc., R. Co.* v. *Glover* (1900), 154 Ind. 584, 57 N. E. 244; *Hutchinson* v. *Wenzel* (1900), 155 Ind. 49, 56 N. E. 845; *Rahke* v. *State* (1907), 168 Ind. 615, 81 N. E. 584; *Nickey* v. *Steuder* (1905), 164 Ind. 189, 73 N. E. 117; *Terre Haute, etc., Traction Co.* v. *Young* (1914), 56 Ind. App. 25, 104 N. E. 780; *Dudley* v. *State* (1907), 40 Ind. App. 74, 81 N. E. 89; *Voris* v. *Shotts* (1898), 20 Ind. App. 220, 50 N. E. 484; *American, etc., Tin Plate Co.* v. *Bucy* (1909), 43 Ind. App. 501, 87 N. E. 1051; *Indiana Nat. Gas, etc., Co.* v. *Vauble* (1903), 31 Ind. App. 370, 68 N. E. 195; *Kentucky, etc., Bridge Co.* v. *Eastman* (1893), 7 Ind. App. 514, 34 N. E. 835.

The fact that no instruction on the subject of appellees' contributory fault was given by the court tends to magnify the effect of the omission of that element from instruction No. 9. Instructions Nos. 10 and 11 do not supplement No. 9 in the matter under consideration. In fact, the same infirmity, perhaps to a less marked degree, exists also in those instructions. In other respects, however, instruction No. 11 tends rather to aggravate the error in No. 9, in that the natural effect of the former in the minds of the jurors would necessarily be to minimize the force that should be assigned to the fact of faulty construction by appellees.

Appellant city complains also of instruction No. 8, and of certain additional features of instruction No. 9.

5. Instruction No. 8 is as follows: "When a municipal corporation undertakes to construct a sewer, such

MAY TERM, 1915. 481

Julius Keller Constr. Co. v. Herkless—59 Ind. App. 472.

corporation must exercise ordinary care and skill in performing the work. A city is liable if it causes a public work, such as the construction of a sewer, to be done in a negligent manner. The care to be exercised in devising and carrying into effect the work of constructing a public sewer should be fairly proportionate to the nature and magnitude of the undertaking, and the consequences likely to flow from a negligent breach of duty.'' The additional features of instruction No. 9 to which the city objects are those whereby the court instructed the jury in substance that municipal corporations are within the operation of the general rule of law that the employer must answer civilly for the negligence or want of skill of an agent or servant in the course of his employment, by which another is injured, and that if the city contracted with the construction company to build the sewer, and if, pursuant to the contract, the construction company did build the sewer, but in so doing was guilty of negligence to the injury of appellees, the city is liable. The objection to instruction No. 8 and to such features of No. 9 goes to them as applied to this case, rather than as abstract principles of law. In determining whether the instructions under consideration, as applied to this case, are correct expositions of the law, we are required to ascertain the nature of the contract between appellants for the construction of the sewer as revealed by the complaint and the evidence. The charge in the complaint is that the city, pursuant to a resolution of the common council to that effect, entered into a contract in writing with appellant company for the construction of a sewer and that in performing the work, the construction company was negligent as alleged. There is no allegation that the city, by the terms of the contract reserved the right to direct the details of the work, or that its nature was such that injury to appellees or others should necessarily or reasonably have been expected to result from its performance, or that the plans were improper or defect-

482 APPELLATE COURT OF INDIANA,

Julius Keller Constr. Co. v. Herkless—59 Ind. App. 472.

ive, or that the work was unlawful. The complaint in these particulars is to the effect that the construction company negligently performed the work under a lawful contract, and under plans proper in themselves and properly adopted. It is to be presumed that the city of Rushville is incorporated under the general laws of the State providing for the incorporation of cities. *City of Logansport* v. *Dick* (1880), 70 Ind. 65, 36 Am. Rep. 166. It was therefore authorized to provide for the construction of public sewers. §8961 Burns 1914, Acts 1905 p. 219, §267.

The records of the preliminary proceedings and copies of the plans and specifications, contract, bond, etc., were read in evidence, from which we are able to ascertain that the work was done under §8722 *et seq.* Burns 1914, Acts 1905 p. 219, §117. The contract, by its terms, included the plans, specifications and profiles. An inspection of the contract discloses that by it the construction company was obligated to furnish all the materials and perform the labor as specified, and to do the work according to the plans and specifications for certain sums itemized against the respective portions of the work, and to deliver to the city a completed structure. It was specified that the work should be done at the contractor's risk, and that he should assume all responsibility for damages to the work, or to persons or property along the line of the work, which might result from floods or other causes, or to the paving of streets or buildings along the line of the work. The city, however, by its proper officers, reserved the power of general supervision over the work, as the right to determine whether the material being furnished and the work being done were as specified; to require that incompetent or disorderly workmen be discharged, and on the approach of winter, to require, if weather conditions demanded it, that the work suspend until spring, and in such case, that the contractor take steps to preserve the work and for the protection of the public. There is a provision that the con-

tractor should save the city harmless from all liability growing out of any injury or damage to persons or property because of any negligence or fault of such contractor, his agents, or employes in the execution of the work, and that he give bond to that effect, and to secure the completion of the work and the payment of claims as required by §8959 Burns 1908, Acts 1905 p. 219, §265, which bond was given.

From the foregoing facts it appears that the arrangement between the city and the construction company was to the effect that the latter in consideration of the equivalent of a lump sum to be paid, obligated itself to furnish all the material and labor necessary, and thereby to construct an entire improvement according to designated plans and specifications, free from the control of the city respecting how the work should be accomplished. It was the right of the city to require that a certain work be done, but except as outlined in the specifications, and as above indicated, it reserved no right to dictate how the result should be accomplished. The construction company must, therefore, be regarded as an independent contractor, rather than as an agent or servant of the city. *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365; *Wabash, etc., R. Co.* v. *Farver* (1887), 111 Ind. 195, 12 N. E. 296, 60 Am. Rep. 696; *Vincennes Water Co.* v. *White* (1890), 124 Ind. 376, 24 N. E. 747; *City of Richmond* v. *Sitterding* (1903), 101 Va. 354, 43 S. E. 562, 99 Am. St. 879, 65 L. R. A. 445, note. This is true, notwithstanding the provisions of the contract, by which as indicated the city reserved the right of general supervision. *Prest-O-Lite Co.* v. *Skeel, supra; Uppington* v. *City of New York* (1901), 165 N. Y. 222, 59 N. E. 91, 53 L. R. A. 550; *Salmon* v. *Kansas City* (1912), 241 Mo. 14, 145 S. W. 16, 39 L. R. A. (N. S.) 328; *Casement & Co.* v. *Brown* (1893), 148 U. S. 615, 13 Sup. Ct. 672, 37 L. Ed. 582; *Foster* v. *City of Chicago* (1902), 197 Ill. 264, 64 N. E. 322.

It is well settled that as a general rule the contractee is not answerable for the acts of an independent contractor.

*Staldter* v. *City of Huntington* (1899), 153 Ind. 354,
55 N. E. 88; *Ryan* v. *Curran* (1878), 64 Ind. 345, 31
Am. Rep. 123; *Vincennes Water Co.* v. *White, supra;
Wabash, etc., R. Co.* v *Farver, supra.* The general rule is
applicable where the contractee is a municipal corporation.
6 McQuillin, Mun. Corp. §2662; *Leeds* v. *City of Richmond*
(1885), 102 Ind. 372, 1 N. E. 711. To the general rule there
are certain well-recognized exceptions, as where the work
required by the contract to be done is inherently or intrin-
sically dangerous, or where the necessary consequence of do-
ing the work as specified is injury to another, or where it is
unlawful or involves a trespass, or where the subject-matter
of the contract involves a duty, the performance of which
may not be delegated by the contractee. 6 McQuillin, Mun.
Corp. §2663; 28 Cyc. 1282; *Salliotte* v. *King Bridge Co.*
(1903), 122 Fed. 378, 58 C. C. A. 466, 65 L. R. A. 620, and
note.

A city can not in any case be held liable for consequential
injury resulting from a public work properly planned, safe-
guarded and executed, regardless of whether the per-
formance of the work is committed to an independent
contractor. But where the plan is defective or the
city directs the work to be performed in an improper man-
ner, and by reason of either the defective plan or the im-
proper execution injury to others results as a necessary con-
sequence, the fact that the performance of the work is com-
mitted to an independent contractor will not shield the city
from liability. In such case, the independent contractor is
the agent of the city in the act of carrying out the defective
plan, or if the plan be not defective, in pursuing the work
by an improper method as directed. For cases involving
these principles, see the following: *Giaconi* v. *City of
Astoria* (1911), 60 Or. 12, 113 Pac. 855, 118 Pac. 180, 37
L. R. A. (N. S.) 1150; *City of Chicago* v. *Robbins* (1863),
2 Black 418, 17 L. Ed. 298; *Thomas* v. *Harrington* (1903),

72 N. H. 45, 54 Atl. 285, 65 L. R. A. 742, note; *Cummins* v. *City of Seymour* (1881), 79 Ind. 491, 41 Am. Rep. 618.

The case here does not come within the foregoing exceptions. The plan of the work is not attacked. Appellees' grievance is based on alleged negligent acts and omissions in performing the work. Under the evidence, the construction company and not the city was responsible for such acts and omissions. If the work was negligently done, there was no evidence that the city directed that it should be so done. It is not claimed that injury would have resulted to appellees had the work as specified been done in a careful and prudent manner.

A city may be liable also for the acts and omissions of an independent contractor, in situations involving certain duties resting primarily and absolutely on the city, the performance of which the city may not delegate to another to its own exemption. Thus municipalities are given authority over public streets within their respective jurisdictions. From such authority arises a duty to exercise reasonable care to keep such streets in condition reasonably safe for public travel. If the municipality orders or authorizes the construction of a work such as a sewer on, along or across a public street, the nature of the enterprise being such as to require that excavations be dug in the street or other dangerous obstructions placed therein, the necessary effect of which is to render the street unsafe for public travel, it is the duty of the municipality to take reasonable precautions to see that such obstructions are safeguarded, by the placing of lights at night, the erection of barriers or other proper means to that end. Such duty rests absolutely on the municipality and may not be delegated. If the municipality commits the performance of the work to an independent contractor, and through the neglect of the contractor in failing to safeguard the obstructions a traveler on the street is injured, the municipality as well as the contractor is liable. The contractor is liable by reason of

his own negligence. The municipality is liable because it, in committing to the contractor duties which are nondelegable, makes him to that extent its agent, for whose negligence it is liable. *Sessengut* v. *Posey* (1879), 67 Ind. 408, 33 Am. Rep. 98; *City of Logansport* v. *Dick, supra; City of Indianapolis* v. *Marold* (1900), 25 Ind. App. 428, 58 N. E. 512; *Park* v. *Board, etc.* (1891), 3 Ind. App. 536, 30 N. E. 147; *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119, and note; *Covington, etc., Bridge Co.* v. *Steinbrock* (1899), 61 Ohio St. 215, 55 N. E. 618, 76 Am. St. 375; *St. Paul Water Co.* v. *Ware* (1873), 16 Wall. 566, 21 L. Ed. 485. In such case, however, where the dangerous condition does not result from the performance of the work as ordered, but originates entirely from some collateral act, negligently or wrongfully performed by the contractor, the municipality, in the absence of notice, express or implied, is not liable. *City of Anderson* v. *Fleming, supra; City of Evansville* v. *Senhenn* (1898), 151 Ind. 42, 47 N. E. 634, 51 N. E. 88, 68 Am. St. 218, 41 L. R. A. 728; 3 Dillon, Mun. Corp. §1030.

In the case at bar, appellees cannot be classed as travelers on a public street, suffering a personal or property injury by reason of a negligent breach of the nondelegable duty to keep such street in repair. Through their contract with the city to build Arthur Street, they had property interests along the line of the sewer improvement, being constructed by appellant company. Their grievance is based on alleged damages inflicted on such property interests. Their relation to the sewer improvement, therefore, is similar to that of an abutting owner.

The nature of the duty which a municipality owes to a third person, growing out of the construction of a public improvement, varies somewhat with the class to which such third person belongs, as whether he is an abutting owner, a traveler on a street, or an employe of the contractor. 6 McQuillin, Mun. Corp. §2663; *Salmon* v.

*Kansas City, supra.* As to an abutter the rule is thus stated: "The city is under no duty or obligation to protect adjoining property against the negligence of a contractor when the plan of the work is reasonable and not likely to work injury if properly carried out." *Sappington v. City of Centralia* (1912), 162 Mo. App. 418, 144 S. W. 1112. In such a case, however, where through the negligence of the contractor a situation is created on a street which is perilous to adjoining property, a city after receiving or being chargeable with notice of such condition may perhaps be held liable for negligently failing to take steps to avert the threatened danger. *Morris* v. *Salt Lake City* (1909), 35 Utah 474, 101 Pac. 373, *Sessengut* v. *Posey, supra.*

The evidence here in its relation to the city does not bring the case at bar within any of the exceptions noted. Appellees neither allege nor contend that the sewer improvement was improper or its plan defective, or that its execution as planned was certain or likely to imperil them or their property. There is no charge that the construction company by its wrongful conduct created a nuisance from which injury was likely to result, and that the city with knowledge of the conditions permitted them to continue. Appellees' entire grievance is based on acts of the contractor collateral to the performance of the work as ordered and alleged to have been negligently done. Under such circumstances, the city is not liable. See the following: *City of Bloomington* v. *Wilson* (1895), 14 Ind. App. 476, 43 N. E. 37; *City of Logansport* v. *Dick, supra; Ryan* v. *Curran, supra; Staldter* v. *City of Huntington, supra; City of South Bend* v. *Turner* (1901), 156 Ind. 418, 60 N. E. 271, 83 Am. St. 200, 54 L. R. A. 396; *St. Paul Water Co.* v. *Ware, supra; McGrath* v. *City of St. Louis* (1908), 215 Mo. 191, 114 S. W. 611; *Sappington* v. *City of Centralia, supra; Morris* v. *Salt Lake City, supra; Giaconi* v. *City of Astoria, supra; Uppington* v. *City of New York, supra;*

*Boomer* v. *Wilbur* (1900), 176 Mass. 482, 57 N. E. 1004, 53 L. R. A. 172; *St. Louis, etc., R. Co.* v. *Yonly* (1890), 53 Ark. 503, 14 S. W. 800, 9 L. R. A. 604; *Salliotte* v. *King Bridge Co., supra; Cabot* v. *Kingman* (1896), 166 Mass. 403, 44 N. E. 344, 33 L. R. A. 45; *Laffery* v. *United States Gypsum Co.* (1910), 83 Kan. 349, 111 Pac. 498, 45 L. R. A. (N. S.) 930, Ann. Cas. 1912 A 590; *Solberg* v. *Schlosser* (1910), 20 N. Dak. 307, 127 N. W. 91, 30 L. R. A. (N. S.) 1111.

It is evident that both instructions Nos. 8 and 9, as applied to the facts in this case are erroneous. For the giving of these instructions there must be a reversal in behalf of the city, and a reversal in behalf of appellant construction company for error in instruction No. 9. We do not base our decision on the insufficiency of the evidence. Other questions presented are not determined as they may not arise on a retrial. The cause is reversed with instructions to sustain the motion of each appellant for a new trial.

NOTE.—Reported in 109 N. E. 797. Proximate and remote causes of injury from negligence, see 36 Am. St. 807. Liability of municipal corporation for acts or negligence of independent contractor in repairing or improving street or highway, see 16 Ann. Cas. 433. See, also, under (1) 2 Cyc. 1042; (2) 3 C. J. 1356; (3) 29 Cyc. 651, 652; (4) 29 Cyc. 652; (5) 28 Cyc. 1280, 1282; (6) 28 Cyc. 178; (7, 8) 28 Cyc. 1280; (9) 28 Cyc. 1436, 1463; (10) 28 Cyc. 1266; (11) 28 Cyc. 1283.