NAYLOR v. HOLLAND-ST. LOUIS SUGAR COMPANY ET AL.

[No. 10,545.    Filed March 11, 1921.]

1. MASTER AND SERVANT.—Injury to Independent Contractor's Employes.—Reservation of Right to Supervise Work.—Liability.—Employers' Liability Act.—The fact that a sugar company having coal conveyors to boilers installed under contract reserved the right to furnish a man to superintend the work of installation, did not make the sugar company the employer of the contractor's men doing the work, and it was not liable for injuries to an employe of the contractor under the Em-

ployers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), since the act applies only to cases where the relation of employer and employe exists.   p. 135.

2. MASTER AND SERVANT.—*Injuries to Servant.*—*Negligence of Third Person.*—*Master's Liability.*—*Employers' Liability Act.* —An employer is liable under the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), for injuries to an employe caused by the bursting of a defective water gauge negligently placed on a boiler by another contractor, where the employer, knowing the danger and that the employe was ignorant thereof, assigned him to a place of work which was dangerous by reason of its proximity to the defective gauge.   p. 136.

From Dekalb Circuit Court; *Dan M. Link,* Judge.

Action by John A. Naylor against the Holland-St. Louis Sugar Company and another.   From a judgment for defendants, the plaintiff appeals.   *Reversed in part and affirmed in part.*

*Edgar W. Atkinson,* for appellant.

*Owen N. Heaton, Benjamin F. Heaton, Clark J. Lutz, Howard J. Mountz* and *J. D. Brinkerhoff,* for appellees.

REMY, C. J.—Action by appellant against appellees for personal injuries.   In the second amended complaint, hereinafter designated as the complaint, which is in a single paragraph, it is alleged in substance, among other things, that the Larrowe Construction Company entered into a contract with appellee Holland-St. Louis Sugar Company, by which it agreed to furnish the necessary material and machinery and to build and equip a large beet sugar factory, including, as a part of the equipment, a row of steam boilers on the first floor of the factory building; that the Larrowe Construction Company sublet the contract for the furnishing and placing of the boilers to the McNaul Boiler Manufacturing Company, which latter company, under its contract, did, prior to October 4, 1912, furnish and install the boilers; that in installing them, the McNaul com-

pany placed certain water gauges upon the boilers, each of the gauges standing about eighteen inches above the boiler to which it was attached; that in doing the work the McNaul Company had negligently equipped each gauge with a defective valve and had negligently failed to place guards over the gauges for the protection of persons who might be working in close proximity thereto; that appellee Holland-St. Louis Sugar Company had also entered into a contract with appellee Engineering Company, by the terms of which the latter company was to furnish and install a coal conveyer along and over the row of boilers for the purpose of conveying coal from the coalroom of the factory to the fire box of each of the boilers; that, as part of its contract with appellee Engineering Company, appellee Holland-St. Louis Sugar Company agreed to, and did, furnish a superintendent for the work of installing the coal conveyor; that, in accordance with its contract, appellee Engineering Company did install the coal conveyer, and in the installation appellant assisted in the work as an employe of the Engineering Company; that at the time the work was being done appellee Holland-St. Louis Sugar Company was making a hydrostatic test of the boilers; that during the test, and by reason of the defective construction and unguarded condition of the water gauges, one of the water gauges burst, and a piece of glass was thrown into appellant's right eye, destroying the sight thereof; that at the time appellant, as directed by appellees, was assisting in the installation of the coal conveyer, but was ignorant of the fact that the hydrostatic test was being made, and ignorant of the defective construction and condition of the water gauges; but that each of the appellees knew of the defects of the water gauges, and that the test was being made and well knew the danger to which appellant would be exposed by his employment, but failed to give

him notice thereof; and that, at the time appellant received the injuries, each of the appellees had in its employ more than five persons.

To appellant's complaint appellees filed separate demurrers challenging its sufficiency for want of facts, which demurrers were by the court sustained. Appellant, refusing to plead further, suffered judgment to be taken against him, and prosecuted this appeal. The only question presented to this court is the sufficiency of appellant's complaint to state a cause of action against appellees, or either of them, under the Employers' Liability Act. Acts 1911 p. 145, §8020a et seq. Burns 1914.

The provisions of said act upon which the complaint is based apply only to cases where the relation of employer and employe exists. It becomes important, therefore, to decide in whose employ the averments of the complaint show appellant to have been at the time he received the injuries of which complaint is made. It is specifically averred in the complaint that at the time in question appellant was employed by appellee Engineering Company. There is no direct averment in the complaint that appellant was at the time an employe of appellee Holland-St. Louis Sugar Company. The only allegation of the complaint from which such relationship could, under any circumstances, be inferred is the statement that, under the contract between appellees, the Holland-St. Louis Sugar Company was to, and did furnish a man to superintend the work of installing the coal conveyer. But this averment, when taken in connection with the definite statement in the complaint that appellant was the employe of appellee Engineering Company, must be construed to mean that, under the contract between appellees for the installation of the coal conveyer, the authority of the Holland-St. Louis Sugar Company was nothing more

than a right to supervise as to the result of the work. The reservation by said company of this limited authority did not make it the employer of the men who did the work. *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, Ann. Cas. 1917A 474; *Vincennes Water Supply Co.* v. *White* (1890), 124 Ind. 376, 24 N. E. 747; Shearman and Redfield, Negligence (6th ed.) §166. We therefore hold that the averments of the complaint, when taken as a whole, show that appellant, at the time he received the injuries complained of, was not an employe of appellee Holland-St. Louis Sugar Company, but did bear that relation to appellee Engineering company. It follows that the complaint states no cause of action against appellee Holland-St. Louis Sugar Company, and that the separate demurrer of said company was properly sustained.

The negligence charged in the complaint against appellee Engineering Company is that it assigned appellant, its employe, to work in close proximity to
2. the defective water gauges, well knowing the danger and knowing that appellant was ignorant of such danger. The complaint also charged negligence on the part of the McNaul Boiler Manufacturing Company in putting in the water gauges. It is apparent from the record that, in holding the complaint insufficient as against The Engineering Company, the theory of the trial court was that the averments of the complaint showed the proximate cause of appellant's injuries to have been the said negligence of the McNaul Boiler Manufacturing Company. In this the court was in error. Even though the McNaul Boiler Manufacturing Company, an independent contractor, had been negligent in putting in the water gauges, such fact would not relieve The Engineering Company from liability to its employe, whom, without warning, it had assigned to the dangerous place of work, when it knew of the dan-

gers, and knew that its employe was ignorant thereof, as is alleged in the complaint.

The judgment is affirmed as to appellee, Holland-St. Louis Sugar Company, but as to appellee Engineering Company the judgment is reversed, with instructions to overrule the separate demurrer of said company to the complaint, and for further proceedings not inconsistent with this opinion. Costs ordered taxed against appellee Engineering Company.