No. 1,681.

## CITY OF BLOOMINGTON v. WILSON.

MUNICIPAL CORPORATION.—*Street Improvement.*—*Liability for Acts of Contractor.*—*Encroachment on Abutting Land.*—A city which is not negligent in making a plan for raising the grade of a street, is not liable for the act of an independent contractor in making the slope for the grade on the land of an abutting owner.

From the Monroe Circuit Court.

*I. C. Batman* and *H. C. Duncan*, for appellant.

*J. B. Wilson* and *J. E. Henley*, for appellee.

Lotz, J.—This was an action of trespass against the city of Bloomington, wherein appellee recovered judgment for $37.36.

In the improvement of the street abutting on appellee's lot in said city, in accordance with the provisions of an ordinance, it became necessary to raise the grade of the street six feet or more.  The contractor in the performance of the work suffered and permitted some of the dirt placed on the street to make the fill to the necessary height and width to roll and remain on appellee's lot, thereby destroying fruit trees, garden vegetables and vines growing thereon.

Is a municipal corporation liable as a trespasser to the abutting lot-owner for the act of the contractor, in taking a portion of the abutting lot as a slope to hold a fill made in the street?

There are authorities which hold that where a municipal corporation, in raising the natural grade of the street, accumulates earth upon the lot of an adjacent owner, and thus injures his property, it is liable in damage therefor.  *Hendershott* v. *City of Ottumwa,* 26 Am. Rep. 182.

Where a city confers power on a contractor to improve a street by raising the grade thereof, such power does not authorize the contractor to put earth upon abutting premises, and if such property is injured by reason of such act on the part of the contractor, he is liable to the owner in damages for the injury.  *Kinser* v. *De Witt,* 7 Ind. App. 597.

In the absence of negligence on the part of the city

in the plans of the improvement, we fail to see upon what principle of law the city is liable for the act of the contractor in making the slope for the grade and improvement of the street on the appellee's land. *Cummins* v. *City of Seymour,* 79 Ind. 491; *City of Logansport* v. *Dick, Admr.,* 70 Ind. 65, 78.

The city authorized the grading and improvement of the street, but our attention has not been called to any evidence in the record, either expressly or impliedly, authorizing the doing of the wrongful act of the contractor on which this action is based. *Tissot* v. *Great Southern Teleg. & Telef. Co.,* 4 Am. St. Rep. 248; *Herrington* v. *Village of Lansingburgh,* 6 Am. St. Rep. 348. See also *City of Erie* v. *Caulkins,* 27 Am. Rep. 642.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Filed March 4, 1896.