## Louisville Railway Company v. Wiggington, et al.

(Decided December 12, 1913).

### Appeal from Jefferson Circuit Court.

1. Trespass—Limitation—Railroads.—An action to recover damages for earth placed on the outside of the right of way in the construction of a railroad, is a suit for a trespass and is barred after five years, although the earth so placed obstructed the flow of water on the plaintiff's land.

2. Railroads—Independent Contractor—Damages.—Where the work of building a railroad is done by an independent contractor, the railroad company is not liable in damages for the contractor's placing earth outside of the right of way on the plaintiff's land.

3. Corporations.—Although two corporations have the same executive officers, one is not liable for the debts of the other.

CLARENCE DALLAM for appellant.

EDWARDS, OGDEN & PEAK for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

J. H. Wiggington and his two sons, M. B. Wiggington and B. M. Wiggington, brought this suit against the Louisville Railway Company. They alleged that Helena B. Wiggington in April, 1904, conveyed to the railway company a strip of land thirty feet wide through a farm owned by her in Jefferson county; and that by the deed it was provided that the defendant would put up and maintain a good and substantial fence along the easter-

ly side of the right of way; that she died in November, 1905, and that the land had descended to them upon her death; that the defendant had failed to erect or maintain a good and substantial fence, by reason of which a large number of their hogs had escaped upon the railroad track and been killed and others had strayed away; for which they prayed damages. In the second paragraph of their petition they alleged that in building and grading its line of railway the defendant had thrown large quantities of dirt from the right of way and placed it on their land and allowed it to remain upon the land and had failed to properly drain its right of way by reason of which large quantities of water had accumulated upon the field and it became wet and unfit for cultivation, to their damage in the sum of $5,000. The petition contained a third paragraph, which need not be noticed as no recovery was permitted under it. The railroad company filed answer, and the issues having been made up, the case came on for trial before a jury, who returned a verdict in favor of the plaintiffs for $700. The court having entered judgment on the verdict, the defendant appeals.

The chief ground relied on for reversal is as to the cause of action set out in the second paragraph of the petition. The proof showed that the road was constructed more than five years ago before the suit was brought. It also showed that the road was constructed by an independent contractor under a written contract, and that the earth complained of was placed on the plaintiffs' land by him. He testified that he placed it there with the plaintiffs' consent, but this was denied by them. The defendant pleaded the five year statute of limitations. The circuit court sustained the plaintiffs' demurrer to the plea of limitations. The defendant had bought only a strip of thirty feet wide; if it, in making its cut went outside of the strip it had bought and dumped the earth taken out of the cut on the plaintiffs' land, this was a trespass, and a right of action immediately accrued to the plaintiffs to recover therefor. We are therefore of opinion that the demurrer to the plea of limitations was improperly sustained in so far as the petition sought damages for the earth placed on the plaintiffs' land.

Under the written contract the work was done by an independent contractor and if he in the progress of his work went outside of the right of way, he was responsible for this; but the defendant was not. If he, without

the plaintiffs' consent dumped the earth on the plaintiffs' land, he is responsible for this trespass, but the railroad company, having no control over him, is not responsible for the trespass committed by him.

It is true that in the petition, after setting out the dumping of the earth on the plaintiffs' land, and the fact that it had been permitted to remain there, the plaintiffs alleged that the defendant had failed to properly drain its right of way along their land. But we think this allegation must be taken to refer to the earth which is named in the first part of the sentence, and that the petition is not sufficient to show that the defendant by anything it did on its right of way obstructed the natural flow of the water or threw upon the plaintiffs' land any more water than by nature would flow there.

Under the evidence no recovery should have been allowed for the matters complained of in the second paragraph of the petition. The instructions of the court to the jury submitting these matters to them were, for the reasons indicated, erroneous.

The defendant pleaded and showed that it had conveyed the right of way to the Louisville and Interurban Railway Company, and that this corporation built the railroad and operated it, the Louisville Railway Company having nothing to do with it. But the proof showed that the Louisville and Interurban Railway Company is a corporation under the same control as the Louisville Railway Company, having the same president, the same general manager, the same paymaster and the same officers to employ and discharge servants and agents. But this is not sufficient to show that one corporation is liable for the debts of the other. Two corporations may, though operated by the same officers, be entirely distinct. The articles of incorporation of the Louisville and Interurban Railway Company are in the record and show that its stock was regularly subscribed by certain individuals. It is a going concern, doing business regularly and may be sued for any liability incurred by it; but the Louisville Railway Company is not on the facts shown liable for its defaults. (Louisville Gas Co. v. Kaufman, Strauss & Co., 105 Ky., 131; Calor Oil & Gas Co. v. Franzell, 128 Ky., 730.) In Southern R. R. Co. v. Thomas, 90 S. W., 1044, the proof was materially different from that in this case. Facts were shown there which do not appear here.

The circuit court improperly held that the action could be maintained against the Louisville Railway

Company for wrongs done by the Louisville and Interurban Railway Company after the conveyance of the property by the Louisville Railway Company to it. But the Louisville Railway Company having accepted the deed made by Mrs. Wiggington is liable for any failure to comply with the obligations imposed by the deed, and it cannot exempt itself from this responsibility by conveying the property to the Louisville and Interurban Railway Company. The cause of action set out in the first paragraph of the petition may be asserted against the Louisville Railway Company, but the cause of action set out in the second paragraph of the petition being for wrongs done after the conveyance of the property, and not because of a violation of any covenant in the deed, can only be asserted against the Louisville and Interurban Railway Company.

Judgment reversed and cause remanded for a new trial and further proceedings consistent herewith.