ROOKER ET AL v. LAKE ERIE AND WESTERN RAILROAD COMPANY ET AL.

[No. 9,438. Filed February 2, 1917. Rehearing denied April 18, 1917. Transfer denied January 18, 1918.]

1. MASTER AND SERVANT.—*Independent Contractor.—Master's Liability.*—Ordinarily, a contractee is not responsible for the acts of an independent contractor to whom he has let a particular work where he reserves to himself no control over the same except the right to see that it conforms to a particular standard. p. 526.

2. RAILROADS.—*Contracts.—Validity.—Duties Imposed by Charter. —Delegation.*—A railroad company cannot by contract relieve itself from a duty to the public, imposed by charter, without the state's consent. p. 527.

3. MASTER AND SERVANT.—*Trespass by Independent Contractor.—
Liability of Railroad.*—Where a railroad company engaged in a
grade separation sublet part of the work to an independent con-
tractor, it could, in an action against it for the contractor's tres-
pass on plaintiff's land, interpose the defense that the acts com-
plained of were committed by the contractor, since the trespass
was not in violation of any duty imposed on the railroad by its
charter. p. 528.

4. NEW TRIAL.—*Joint Motion.—When Granted.*—The overruling of
a joint motion for a new trial, to be available on appeal, must
have been erroneous as to all who joined therein, and the movers
must have been entitled to a new trial as to all against whom it
was asked. p. 529.

5. RAILROADS.—*Separation of Grades.—Action for Damages.—Nec-
essary Parties.*—Under §5556a et seq. Burns 1914, Acts 1913 p.
508, making the board of county commissioners a necessary party
before the Public Service Commission in certain railroad grade
separation proceedings, the board was not a necessary party
defendant in an action against a railroad for damages to land
while engaged in separating grades pursuant to the commission's
order. p. 530.

6. COUNTIES.—*Construction Work.—Trespass on Lands.—Liability.*
—Where a railroad was engaged in the separation of grades, the
county was not liable because its board of commissioners gave
their consent to the railroad's independent contractor trespassing
on plaintiff's land during the progress of the work. p. 531.

7. APPEAL.—*Review.—Ruling on Joint Motion for New Trial.*—
Where a joint motion for new trial was properly overruled as to
one of the plaintiffs, no available error is presented by an assign-
ment of error challenging the motion on the ruling. p. 531.

From Hamilton Circuit Court; *James M. Purvis,*
Special Judge.

Action by William V. Rooker and others against
the Lake Erie and Western Railroad Company and
others. From a judgment for defendants, the plain-
tiffs appeal. *Affirmed.*

*W. V. Rooker,* for appellants.

*Shirts & Fertig, Phil J. Fariss* and *John B. Cock-
rum,* for appellees.

HOTTEL, J.—This is an appeal from a judgment

rendered against appellants, William V. and Dora E. Rooker, in an action brought by them against appellees to recover damages for trespass upon their lands.

The issues of fact were tendered by a complaint in one paragraph and a general denial. The complaint alleges in substance that during the years 1913 and 1914, the appellees, in constructing a subway separating the grades of the Lake Erie and Western Railroad Company and the traveled way of the Indianapolis and Noblesville turnpike, a public highway, at a point one mile south of the city of Noblesville, in disregard of appellants' rights, entered upon their lands, and used and occupied the same for one year, and removed gravel, earth and other substances therefrom and piled thereon waste gravel, earth and material, and left and abandoned the same on said premises to appellants' damages in the sum of $150, payment for which has been demanded and refused.

Appellants' motion for new trial was overruled and this ruling is assigned as error in this court and relied on for reversal.

Said motion contains three grounds, the last two of which respectively challenge the decision of the court as not being sustained by the evidence, and as being contrary to law. The same questions are presented by each of said grounds and a disposition of them will dispose of the appeal. Appellants concede that there is no material conflict in the evidence.

The facts which gave rise to the litigation, as stated by appellants in their original brief, are as follows: "The Public Service Commission of Indiana, made an order in a cause pending before it: (1) for the abatement of a grade crossing, and (2) the construction of a subway at a point one mile

south of Noblesville, where the tracks of the Lake Erie and Western Railroad Company cross the Noblesville and Indianapolis turnpike, sometimes called the Allisonville road.

"Plans for the work, including drawings and specifications, were prepared by the railroad company and adopted by the commission. The work was ordered to be performed by the railroad company and the cost was apportioned between it and Hamilton county. The railroad sublet a part of the labor, retaining to itself the furnishing of all material and the performance of certain skilled work.

"In the process of destroying the 'old' crossing and constructing the 'new' subway, entry was made upon appellants' lands, which were used for stabling teams, for storage of materials, for construction purposes, a boathouse thereon was wrecked for kindling, gravel was taken for construction purposes, and a mass of waste earth and debris containing some 1,000 or 1,200 cubic yards was piled upon the premises and abandoned there."

The questions involved, and determined against appellants by the lower court, and here sought to be reviewed *as stated by appellants' original brief* are in substance as follows: (1) Whether the powers of the Public Service Commission with respect to grade crossings are sufficient to accomplish the vacation of a public highway without the aid of ancillary proceedings in some other tribunal. (2) Whether either the appellee railroad company or the board of commissioners could, "by resorting to the principle of independent contractor, absolve itself from liability for its duties with respect to public highway crossings."

It is contended by appellants that the trial court

was of the opinion: "(1) That the acts complained of were the acts of an independent contractor for which neither the railroad company nor the county was responsible; (2) that the dirt being wasted largely upon 'the old road' it was not wasted upon the lands of the appellants in the absence of a showing that the old road, though it was entirely wiped out and destroyed, was not formally 'vacated' in a proceeding for that purpose; (3) that 'abandonment' of a public highway was not sufficient to perform the office of 'vacation' of a highway; and (4) that the authority of the Public Service Commission in effacing dangerous grade crossings of railroads and highways was not sufficient to admit the destroyed highway to revert to the abutting lands in the absence of a special ancillary proceeding for that purpose as provided by law for highway vacations generally."

Appellants insist that this view of the law, so taken by the trial court, was erroneous, because: (1) A highway being only an easement, or right to travel, an abandonment, when complete, effected a reverter of the part abandoned, and that formal proceedings to vacate were unnecessary, that the Public Service Commission was, in any event, clothed with ample power to vacate in such cases, and that the consummation of its order separating the grades and locating and defining the subway, was in effect a vacation of the former grade crossing, in so far as the subway departed from such original grade crossing. (2) That the duty of a railroad company to make all necessary provisions with respect to highway crossings is a charter duty imposed by the general assembly in the exercise of the police power of the State, and is therefore such a duty as is not sus-

ceptible of delegation by the railroad company to an independent contractor.

As preliminary to a disposition of these questions, it should be stated that this appeal was taken to the Supreme Court, and the transcript of the record was filed in that court; that since the filing of appellants' original briefs, appellees filed their petition asking the transfer of said cause to this court, under §1397 Burns 1914, Acts 1901 p. 568. This petition was granted and the case transferred to this court. It is now insisted by appellants that the Supreme Court has exclusive jurisdiction in all cases concerning highways, and that appellees, by filing said petition to transfer, in effect conceded that no highway question was involved, and hence that the land on which the trespass involved was committed is appellants' land, and that they have therefore waived the first question above suggested.

We think appellant is in error in this contention, but, in any event, the conclusion which we have reached affecting the second question, *supra,* makes it unnecessary to consider the first.

The construction of the subway in question was let to another contractor. The work was one which appellees, or either of them, might legally let to such contractor. The trespass for which appellants seek damages was committed by those in charge of such work, and the damage sought to be recovered is for a trespass on appellants' land, a thing wholly unnecessary to the performance of such work.

Generally speaking, the contractee "is not responsible for the acts of an independent contractor, to whom he has let a particular work or job

1. where he reserves to himself no control over the same except the right to see that it con-

forms to a particular standard.'' *Staldter* v. *City of Huntington* (1899), 153 Ind. 354, 362, 55 N. E. 88; *Wabash, etc., R. Co.* v. *Farver* (1887), 111 Ind. 195, 12 N. E. 296, 60 Am. Rep. 696; *City of Bloomington* v. *Wilson* (1895), 14 Ind. App. 476, 43 N. E. 37; *Vincennes Water Supply Co.* v. *White* (1890), 124 Ind. 376, 24 N. E. 747; *St. Louis, etc., R. Co.* v. *Gillihan* (1906), 77 Ark. 551, 92 S. W. 793; *Waltemeyer* v. *Wisconsin, etc., R. Co.* (1887), 71 Iowa 626, 33 N. W. 140; *New Orleans, etc., R. Co.* v. *Reese* (1884), 61. Miss. 581; *Louisville R. Co.* v. *Wiggington* (1913), 156 Ky. 400, 161 S. W. 209; *Runians* v. *Keller, etc., Co.* (1911), 141 Ky. 827, 133 S. W. 960; *King* v. *New York, etc., R. Co.* (1876), 66 N. Y. 181, 23 Am. Rep. 37; *Marion Shoe Co.* v. *Eppley* (1913), 181 Ind. 219, 104 N. E. 65, Ann. Cas. 1916D 220.

However, it is insisted by appellants, in effect, that the doctrine of independent contractor has no application in this case because the work which was here attempted to be turned over to such contractor was a work which the law required appellees to perform, and that the duties and obligations connected therewith were implied covenants of the railroad company's charter, which such company could not lay aside or cast upon the shoulders of another.

The general proposition involved in appellants' contention is correct; that is to say, a railroad company cannot, by any form of contract, relieve

2.   itself from a duty to the public, imposed by its charter, without the consent of the state. *Southern Ind. R. Co.* v. *McCarrell* (1904), 163 Ind. 469, 473, 71 N. E. 156; *Braslin* v. *Somerville Horse R. Co.* (1887), 145 Mass. 64, 67, 13 N. E. 65, and cases cited; *Chicago, etc., R. Co.* v. *McCarthy* (1858), 20 Ill. 385, 71 Am. Dec. 285; *Indianapolis, etc., R. Co.* v.

*Sample* (1914), 58 Ind. App. 461, 108 N. E. 400, 405, and cases there cited.

Appellants' action, however, is not one for a negligent omission of a duty owed by said company to the public generally, and on account of which

3. appellants suffered special or peculiar damages, but their action is predicated on a tort committed on their own lands. In such case the principle for which they contend, involving the violation of duties imposed by charter, has no application. *St. Louis, etc., R. Co.* v. *Gillihan, supra; Waltemeyer* v. *Wisconsin, etc., R. Co., supra; New Orleans, etc., R. Co.* v. *Reese, supra; Louisville R. Co.* v. *Wiggington, supra; Runians* v. *Keller, etc., Co., supra; King* v. *New York, etc., R. Co., supra; Wabash, etc., R. Co.* v. *Farver, supra; City of Bloomington* v. *Wilson, supra; Vincennes Water Supply Co.* v. *White, supra; Staldter* v. *City of Huntington, supra; Stephensville, etc., R. Co.* v. *Couch* (1909), 56 Tex. Civ. App. 336, 121 S. W. 189; *Sanford* v. *Pawtucket St. R. Co.* (1896), 19 R. I. 537, 35 Atl. 67, 33 L. R. A. 564; *Boyd* v. *Chicago, etc., R. Co.* (1905), 217 Ill. 332, 75 N. E. 496, 108 Am. St. 253; *McCafferty* v. *Spuyten, etc., R. Co.* (1874), 61 N. Y. 178, 19 Am. Rep. 267; *Indianapolis, etc., R. Co.* v. *Sample, supra,* and cases there cited.

It is further insisted by appellants, and with good reason, that, under the contract entered into between the railroad company and the contractor, to whom it sublet said work, the railroad company retained such supervision and control over the work, that it is not relieved by such contract from responsibility for damages resulting from the trespass on which appellants' action is based.

The theory upon which the contractee is relieved

from liability, in such cases, is that by his contract he has surrendered the supervision, management and control of the work to such independent contractor, and hence where this has not been done, the reason for the application of the doctrine fails. *Staldter* v. *City of Huntington, supra,* 363.

In this connection, however, appellants are met with a contention that their motion for new trial was joint and that the ruling thereon was proper unless it should have been sustained as to both appellees; that, under the evidence, there can be no liability against the board of commissioners, and hence no available error resulted from the ruling on said motion for new trial.

The rule is well settled that the overruling of a joint motion for new trial, to be available on appeal, must have been erroneous as to all who joined

4.   therein, and likewise that the overruling of such a motion, when it is joint and general as against all in whose favor the verdict or decision was rendered, furnishes no ground for reversal unless the movers were entitled to a new trial as to all against whom they asked it. *Prescott* v. *Haughey* (1898), 152 Ind. 517, 51 N. E. 1051, 53 N. E. 766; *Kendel, Admr.,* v. *Judah* (1878), 63 Ind. 291; *Hatfield* v. *Rooker* (1913), 56 Ind. App. 1, 6, 104 N. E. 798.

We have carefully read all the evidence in this case, and examined the law applicable thereto, as expressed in the decisions of both the Supreme Court and this court, and we are unable to see upon what theory, under the evidence, there could have been any judgment against the appellee board of commissioners.

It seems to be appellants' theory that, because the

statute makes such board a necessary party before the Public Service Commission, in a proceeding to separate the grades, and because it provides that one-fourth of the cost of such separation shall be borne by the county, that such board was a necessary defendant to this action, and hence had to be joined in the motion for new trial. See Act of March 11, 1913, Acts 1913 p. 508, §5556a et seq. Burns 1914.

We cannot agree with this contention. In the instant case, the undisputed evidence shows that said board of commissioners had nothing to do with the work of constructing said subway, or the separating of said grades, except that it was asked to make an appropriation of $2,775 as the part Hamilton county was to pay therefor. It made this appropriation, and the railroad company undertook or agreed to construct the subway and make the separation of grades. The railroad company, by a contract to which said board was not a party, sublet the work to an independent contractor. The only other evidence, in any way connecting such board of commissioners with said work, was evidence to the effect that the members of such board were on one occasion called down to said work, and while there some one in charge of the work asked them if there would be any objection to putting some of the dirt excavated from the subway at a point indicated on the old right of way, to which the members of said board responded in effect that they had no objection if it would not interfere with any farmer or with any former arrangements that had been made.

This evidence could, in no event, affect the liability of the county represented by such board. Even if appellants' action were predicated upon the viola-

6. tion of some duty owed to the public by such board, in connection with the maintaining of said highway, it is now settled in this state that the county is not liable for the acts or omissions of its officials resulting in defects in its roads or bridges. *Board, etc.* v. *Allman* (1895), 142 Ind. 573, 42 N. E. 206, 39 L. R. A. 58.

If the trespass for which appellants seek to recover damages was in fact a trespass upon the public highway, they have no cause of action against either appellee, because their complaint proceeds upon the theory of a trespass upon their own lands. On the other hand, if the land on which the trespass was committed was, as appellants contend, a highway which had in fact reverted to appellants—a question which we need not and do not decide—any permission given by said board of commissioners to said contractor, permitting it to place dirt on such highway, was a nullity which could in no way affect the liability of the county represented by such board. In such case, the contractor, and those engaged with him in such work, were responsible for such trespass, and hence liable for any damages resulting therefrom. Cases *supra*.

It follows that no liability is shown by the evidence against the appellee the board of commissioners, and hence as to it the motion for new trial was

7. properly overruled. As said motion was joint, and general against both judgment plaintiffs, and was properly overruled as to one of such plaintiffs, no available error is presented by an assignment of error which challenges the ruling on said motion. Cases cited *supra*.

The judgment below is therefore affirmed.

NOTE.—Reported in 114 N. E. 998.