**Gerrit VAN KEPPEL, Appellant (Plaintiff Below),**

v.

**COUNTY OF JASPER; Jasper County Drainage Board; Eugene Lewis; Harold Evers; Fred Boissey, Jr.; Michael Kingman; and Elwyn W. Mattocks & Sons, Inc., Appellees (Defendants Below).**

**No. 37A03–8911–CV–508.**

Court of Appeals of Indiana, Third District.

July 9, 1990.

Theodore A. Fitzgerald and John P. Shanahan, Petry, Fitzgerald & Shanahan, Hebron, for appellant.

William J. Moriarty, Jr., Dumas & Moriarty, Rensselaer, for appellees.

HOFFMAN, Presiding Judge.

Plaintiff-appellant Gerrit Van Keppel appeals the trial court's granting of appellees' motion to dismiss.

The facts relevant to this appeal disclose that Van Keppel owns real estate in Jasper County, Indiana upon which he has a farming operation. The Hodge and Krucek public drainage ditches are located on his property and prior to 1985, Van Keppel began making certain improvements to this water control system without the prior ap-

proval and authorization of the Jasper County Drainage Board.

The Board later determined that Van Keppel's reconstructed ditches were not functioning properly and ordered Van Keppel to replace the banks of the ditches back to their original condition. When Van Keppel failed to do so within a time acceptable to the Board, it contracted with the defendant Elwyn W. Mattocks & Sons, Inc. to work on the drainage system.

After Mattocks & Sons had completed its work on the drainage system, Van Keppel filed a complaint in Jasper Circuit Court naming the Jasper County Drainage Board and Surveyor and Mattocks & Sons as defendants. Van Keppel alleged that during construction, which was done at the direction and under the control of the Board and Surveyor, Mattocks & Sons negligently removed and destroyed Van Keppel's property. For his second count, Van Keppel asserted that he suffered a substantial interference and taking of his property without just compensation. The defendants filed motions to dismiss. A hearing was held on these motions at which time the affidavit of Van Keppel was submitted, testimony was presented and arguments heard. The trial court entered its judgment on June 26, 1989 dismissing all governmental entities out of the litigation based upon governmental immunity. This appeal ensued.

Appellant raises two issues for review:
(1) whether the Jasper County Drainage Board and Surveyor are provided immunity from tort liability under the Indiana Tort Claims Act; and
(2) Is there a genuine issue of material fact as to whether the actions of the governmental defendants constituted a substantial interference with a compensable property interest of Van Keppel?

██ A motion to dismiss shall be treated as a motion for summary judgment if matters outside the pleading are presented to and not excluded by the court at the pre-trial hearing. *Middelkamp v. Hanewich* (1977), 173 Ind.App. 571, 573, 364 N.E.2d 1024, 1028. Since the trial court considered matters outside the pleadings and held an evidentiary hearing, the motions must be treated as motions for summary judgment. *Farm Bureau Ins. v. Fultz et al.* (1978), 176 Ind.App. 217, 375 N.E.2d 601. Thus, if there is a genuine issue of material fact, the trial court's judgment must be reversed so that a trial can be conducted.

Before discussing the issues, a preliminary question is raised as to whether the appellees may be found responsible for any of the construction work. Appellees contend throughout their brief that they may not be found accountable for any of the damages alleged by appellant in either issue since an independent contractor was hired to do the reconstruction work.

██ While it is true that an employer is ordinarily not responsible for an independent contractor's acts, an employer may not reserve control over the acts of the independent contractor.

> See: *Rooker v. Lake Erie, etc., R. Co.* (1917), 66 Ind.App. 521, 114 N.E. 998; *Zimmerman v. Baur et al.* (1894), 11 Ind.App. 607, 39 N.E. 299.

The evidence adduced at the hearing raises a question as to whether the Surveyor was supervising the work done by the independent contractor. However, appellant has not shown that the Board was in any way directing or supervising the construction project to support a finding of an existing issue of material fact. Whether the Surveyor reserved control over the acts of the independent contractor is an issue that must be resolved at trial.

██ Appellant does not dispute that the Board was empowered to order that the ditches be reconstructed at Van Keppel's expense pursuant to the Indiana Drainage Code, IND. CODE § 36–9–27–1, *et seq.* (1988). However, appellant believes that governmental immunity from tort liability should not be granted since the order and contract were carried out under the control and supervision of the Surveyor. The statute covering tort claims against governmental entities and public employees provides:

"A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

\* \* \* \* \* \*

(7) the adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations) ...;

\* \* \* \* \* \*

(12) entry upon any property where the entry is expressly or impliedly authorized by law[.]"

IND.CODE § 34–4–16.5–3(7) and (12) (1988 Ed.).

First, it is clear that appellant's claim results from enforcement of the Indiana Drainage Code by reconstructing the ditches that appellant changed. Appellant claims that although the Surveyor is immune from the decision to enforce the Drainage Code, he is not immune from losses resulting from the actual implementation of the decision. This is not true. There is no distinction between the decision to enforce a law and the actual implementation of that decision. *Cain v. Bd. of Com'rs of Cass County* (1986), Ind.App., 491 N.E.2d 544, 548. The losses claimed by appellant occurred during implementation of the decision to enforce the Drainage Code. Immunity is granted to both the governmental entity and to the employee notwithstanding that the enforcement resulted in a loss that would not have occurred but for the negligent manner in which the duty was performed. *Seymour Nat. Bank v. State* (1981), Ind., 428 N.E.2d 203.

■ The Indiana Drainage Code authorizes the Board to enter upon appellant's land to enforce the provisions of the code. The applicable statute reads in part:

"(a) The county surveyor, the board, or an authorized representative of the surveyor or the board acting under this chapter has the right of entry over and upon land lying within seventy-five (75) feet of any regulated drain....

\* \* \* \* \* \*

(c) All persons exercising the right given by this section shall, *to the extent possible, use due care to avoid damage* to crops, fences, building, and other structures *outside of the right-of-way, and* to crops and approved structures *inside the right-of-way*....

(d) The owners of land over which the right-of-way runs may use the land in any manner consistent with this chapter and the proper operation of the drain. Permanent structures may not be placed on any right-of-way without the written consent of the board. Temporary structures may be placed upon or over the right-of-way without the written consent of the board, but shall be removed immediately by the owner when so ordered by the board or by the county surveyor. *Crops grown on a right-of-way are at the risk of the owner, and, if necessary in the reconstruction or maintenance of the drain, may be damaged without liability on the part of the surveyor, the board, or their representatives.*"

IND.CODE 36–9–27–33 (1988 Ed.).

Entry upon appellant's property was expressly authorized by the above statute. Although blanket immunity for tort liability was provided for any losses occurring from this authorized entry on appellant's property or in the enforcement of the Drainage Code in IND. CODE § 34–4–16.5–3(12) and (7), a due care exception to this immunity has been implemented in IND. CODE § 36–9–27–33(c). During reconstruction it was necessary that due care be taken to avoid damage to crops and other structures outside of the 75–foot right-of-way and to crops and approved structures inside the right-of-way. Appellant has certainly raised a question of whether due care was exercised during reconstruction.

Appellant claims inverse condemnation in his second issue. He alleges that following the reconstruction project, his only access to his property was at the bottom of the dike along the ditch easement which was often impassable. Furthermore, he contends that in reconstructing the ditch, the contractor took soil from the cornfield, as much as 300 feet away from the ditch, destroying acres of planted corn in the process.

There are two stages in an action for inverse condemnation. The first stage involves the issue of whether a taking of property has occurred. At this stage, the landowner must show that he has an interest in land which has been taken for a public use without having been appropriated under eminent domain laws. *City of Hammond v. Drangmeister* (1977), 173 Ind.App. 476, 477–478, 364 N.E.2d 157, 159. If the trial court finds that a taking has occurred, the action proceeds to its second stage wherein appraisers are appointed by the court, and damages are assessed. *Id.*

A two-prong test has been devised to aid the court in making a determination as to whether a taking has occurred. A land use regulation will not effect a taking if it substantially advances a legitimate state interest and does not deprive an owner of economically viable use of his property. *DNR v. Indiana Coal Council, Inc.* (1989), Ind., 542 N.E.2d 1000, 1002. Appellant does not contest the first prong of the takings inquiry involving a legitimate state interest. However, appellant argues that he has been deprived of economically viable use of his property.[1]

The question as to whether there has been an interference with a compensable interest, and if so, to what extent, is a question of fact upon which evidence must be heard. *Indiana & Michigan Elec. Co. v. City of Anderson* (1978), 176 Ind.App. 410, 420, 376 N.E.2d 114, 121. Since a question of fact clearly exists in this case, the trial court's judgment was in error and must be reversed.

Reversed.

GARRARD and STATON, JJ., concur.

---

1. "The damages which an owner of property, which has been appropriated *or injured* for a public use without just compensation having been made, is entitled to recover are such substantial damages as will fully compensate him for the loss or injury he has sustained." [Emphasis added.] 11 I.L.E. *Eminent Domain* § 134 (1958). The annoyance and inconvenience to the landowner in reaching another part of his land after construction is a proper consideration in evaluating damages. 11 I.L.E. *Eminent Domain* § 57 (1958). *See: State v. Raymond E. Heinold Family Trust* (1985), Ind.App., 484 N.E.2d 595 (while loss of access must be special and peculiar to property in question to be compensable, loss does not have to be total so long as there is substantial and material impairment to right of access).